318 So.2d 520 (1975)
James Crit ESTEP, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. V-462.
District Court of Appeal of Florida, First District.
September 10, 1975.
*521 Richard W. Erwin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Estep seeks reversal of a judgment of conviction and sentence based on a jury verdict finding him guilty of the crime of escape.
Estep asserts that the judgment of conviction is fatally defective as the State failed to present evidence that at the time of the escape he was in lawful custody of a law enforcement official.
The owner of a car destroyed by fire informed an officer that a box of tools was stolen from his car the night before its destruction. Later the tools were located at a car lot operated by Estep's father who advised the officer that his son had brought the tools to the lot. The tools were identified by the owner as the tools stolen from his car. In addition, a citizen informed the officer that Estep was the individual who set fire to the car. While confined to jail serving a sentence for violation of a municipal ordinance, Estep was arrested without a warrant, and charged with breaking and entering with the intent to commit a felony. Subsequently, Estep escaped from the jail.
An officer may arrest a person without a warrant if a felony has been committed and the officer reasonably believes the person committed it. Section 901.15(2), F.S.
Section 944.40, F.S., under which Estep was charged, provides that any prisoner confined in a jail who escapes from confinement shall be guilty of a felony in the second degree. Section 944.02(4), F.S., defines prisoner as any person who is under arrest and in lawful custody of any law enforcement official.
We are of the opinion that probable cause existed for the officer to arrest Estep without a warrant, and that Estep was in lawful custody at the time of his escape. It is uncontroverted that Estep escaped from a municipal jail to which he was confined.
The other point raised by Estep is without merit.
We affirm.
BOYER, C.J., and McCORD, J., concur.