367 So.2d 700 (1979)
STATE of Florida, Appellant,
v.
William AKERS, Appellee.
No. 78-1486.
District Court of Appeal of Florida, Second District.
February 14, 1979.
*701 Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellee.
BOARDMAN, Judge.
The state appeals an order dismissing the escape count of an information filed against appellee William Akers for failure to allege facts sufficient to establish a prima facie case.
Appellee was charged in Count I of a three-count information with escape in violation of Section 944.40, Florida Statutes (1977). Appellee filed an amended motion to dismiss the count against him pursuant to Florida Rules of Criminal Procedure, Rule 3.190(c)(4), alleging:
1. That on the 14th day of June, 1978, at approximately 11:00 o'clock P.M., the Defendant was on Pier 60, Clearwater Beach, Florida, at which time he was arrested by Officer J. Gravely of the Clearwater Police Department for Disorderly Intoxication and was handcuffed.
2. That one John Hinkel then interfered with Defendant's arrest, this occurring while the Defendant was still standing on or near Pier 60.
3. That while Officer Gravely turned away from the Defendant and was attending to Mr. Hinkle, the Defendant ran away and was apprehended in less than twenty minutes only two blocks away.
4. That at no time was the Defendant placed in the patrol cruiser.
5. That as a result of the above incident, the Defendant was charged with the offenses of Resisting Arrest Without Violence, Escape and Disorderly Intoxication.
6. That there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the Defendant.
The state responded that the facts and other matters alleged by appellee were not sufficient to constitute lawful grounds for dismissal.
Section 944.40, Florida Statutes (1977), provides that:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree....
Section 944.02(5), Florida Statutes (1977), states that "`[p]risoner' means any person who is under arrest and in the lawful custody of any law enforcement official ..." *702 Construing the statutes in pari materia, we conclude that the legislature intended that any person under arrest and in the lawful custody of a law enforcement official who escapes while being transported to or from a place of confinement shall be guilty of a felony.
We acknowledge that prior to the amendment of these statutory provisions in 1971, only persons who were convicted and sentenced could violate the provisions of Section 944.40, Florida Statutes (1969). Brochu v. State, 258 So.2d 286 (Fla. 1st DCA 1972). Florida courts have interpreted the present escape statute to include confinement after arrest but prior to conviction and sentencing. Estep v. State, 318 So.2d 520 (Fla. 1st DCA 1975). Such confinement is not limited to confinement in jail. Johnson v. State, 357 So.2d 203 (Fla. 1st DCA 1978). For conviction under the escape statute, the state need show only (1) the right to legal custody and (2) a conscious and intentional act of the defendant in leaving the established area of such custody. Watford v. State, 353 So.2d 1263 (Fla. 1st DCA 1978).
Appellant admits that he was in lawful custody and that he fled from the scene without permission of the arresting officer. We do not believe that the legislature perceived that the phrase found in Section 944.40 "being transported to or from a place of confinement ..." should be interpreted as meaning that a defendant must be in a penal institution at the time of escape. To do so might result in allowing a "prisoner" to simply walk away after he was lawfully arrested and in lawful custody without penalty. Such a strained result, to say the very least, is contrary to both the intent and the meaning of this statutory proscription.
Lastly, the distraction caused by the interference of the third person who prevented the arresting officer from immediately taking appellant to jail does not alter our decision.
The order of the trial court dismissing Count I of the information is reversed and that count is reinstated.
REVERSED and REMANDED for proceedings consistent with this opinion.
GRIMES, C.J., and DANAHY, J., concur.