SHARP, Judge.
Yates pled nolo contendere to the charge of “escape,”[1] and reserved the right to challenge in this appeal the sufficiency of the criminal information filed against him. The information charged Yates with leaving the Kissimmee Community Correctional Center without permission, after having been committed to the Department of Corrections and sentenced to serve the remainder of his probationary term because he had violated the terms of his probation.[2] We agree with the trial judge that Yates was charged with a violation of the “escape” statute.[3]
Initially Yates argues he did not flee from a penal institution described in the statute. Section 944.40, Florida Statutes (1979) provides:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, .. . who escapes ... from such confinement shall be guilty of a felony of the second degree, ....
Although the statute does not specify “community correctional centers,” its use of the terms “prison,” “jail,” and “road camp” are not exclusive, because it clearly says “or other penal institution(s).”[4] This statute applies to various kinds of correctional facilities, including those unforeseen and nonexistent at the time the statute was adopted, where the liberty of a person is restricted and he is in the lawful custody of the Department of Corrections because of his conviction of a criminal statute.
Yates also argues that he was not subject to the “escape” statute because he was not serving a “sentence of imprisonment” when he escaped. As charged in the information, pursuant to section 948.01(6), Yates had been committed to the Department of Corrections and he was serving the balance of his probation in the community facility after having violated the terms of his probation. He was at that time a “prisoner” within the meaning of the criminal law[5] and he was a person under sentence of imprisonment. Peek v. State, 395 So.2d 492 (Fla. 1980).
AFFIRMED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. § 944.40, Fla.Stat. (1979).

. The information provided:
ROBERT EAGAN, State Attorney of the Ninth Judicial Circuit prosecuting for the State of Florida in Osceola County, CHARGES that on the 3rd day of November, 1979 in said County and State, HOWARD CURTIS YATES did, in violation of Florida Statute 944.40 unlawfully and feloniously while in the lawful custody of the Department of Corrections Kissimmee Community Correctional Center, after having been found guilty by the Circuit Court of Suwannee County, Florida, and having been committed to the Kissimmee Community Correctional Center pursuant to an Order of Modification of Probation on July 16, 1979 by the Circuit Court of Suwannee County for burglary, constituting a felony under the laws of the State of Florida, escape from such incarceration and confinement.

. § 944.40, Fla.Stat. (1979).

. See Schleman v. Guaranty Title Co., 153 Fla. 379, 15 So.2d 754 (1943); Pompano Horse Club, Inc. v. State, 93 Fla. 415, 111 So. 801 (1927); Children's Bootery v. Sutker, 91 Fla. 60, 107 So. 345 (1926).

. Section 944.02(5), Florida Statutes (1979) defines “prisoner” as:
any person who is ... convicted or sentenced by any court and committed to any municipal or county jail or state prison, prison farm or penitentiary, or to the custody of the department, as provided by law.
Watford v. State, 353 So.2d 1263 (Fla. 1st DCA 1978); State v. Akers, 367 So.2d 700 (Fla. 2d DCA 1979).