442 So.2d 303 (1983)
Jimmie RAMSEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 82-1623.
District Court of Appeal of Florida, Fifth District.
December 1, 1983.
Rehearing Denied December 28, 1983.
*304 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Jimmie Ramsey, Jr. appeals from a judgment and sentence for escape. Ramsey entered a plea of no contest to the charge, specifically reserving his right to appeal the denial of his motion to dismiss the information on the ground that the facts taken in a light most favorable to the state did not establish a prima facie case of escape.
According to undisputed facts, Ramsey was stopped for passing another vehicle in a no-passing zone and for several other traffic violations. While writing up the citations, the deputy received information from his routine computer check that there were two outstanding capiases for Ramsey from Seminole County. Ramsey was informed of the capiases, placed under arrest, and instructed to put his hands on the trunk of the patrol car. Ramsey then turned around and said, "No way!" and ran from the scene. At no time was Ramsey restrained and the arrest procedure had not progressed to the point where the deputy had removed his handcuffs from their carrying place.
The statute with which we are concerned is section 944.40, Florida Statutes, (1981), which provides:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
"Prisoner" is defined in section 944.02(5), Florida Statutes (1981), as follows:
`Prisoner' means any person who is under arrest and in the lawful custody of any law enforcement official, or any person convicted and sentenced by any court and committed to any municipal or county jail or state prison, prison farm, or penitentiary, or to the custody of the department, as provided by law.
The state contends that if Ramsey were a prisoner under section 944.02(5) and thus in lawful custody at the time that he left the scene of arrest, then he was, as part of the arrest procedure, in the process of being transported to a place of confinement.
We do not agree. If section 944.40 were intended to encompass situations such as the one before us, then the legislature would have provided in the statute that any prisoner who escapes from lawful arrest is guilty of escape. This it did not do. Instead, it required that the escape, in order to come within the confines of the statute, occur while the prisoner is being transported. It follows then that the legislature intended to punish conduct other than fleeing from the custody of an arresting officer. Interpreting the statute in this way, the question as to when the "transportation" of a prisoner begins becomes an important one and is normally a factual issue to be determined by the jury. Here, however, the facts were not in dispute. *305 Ramsey had not been handcuffed, had not been placed in the police car and the officer had not announced that he was taking him to jail. As a result, transportation of the prisoner had not yet begun.
In reaching the opposite conclusion, the trial court relied upon State v. Akers, 367 So.2d 700 (Fla. 2d DCA 1979), a case factually distinguishable from this case only in that Akers had been handcuffed while Ramsey had not. In Akers, the court stated:
Construing the statutes [§§ 944.40 and 944.02(5), Fla. Stat. (1977)], in pari materia, we conclude that the legislature intended that any person under arrest and in the lawful custody of a law enforcement official who escapes while being transported to or from a place of confinement shall be guilty of a felony.
We acknowledge that prior to the amendment of these statutory provisions in 1971, only persons who were convicted and sentenced could violate the provisions of Section 944.40, Florida Statutes (1969). Brochu v. State, 258 So.2d 286 (Fla. 1st DCA 1972). Florida courts have interpreted the present escape statute to include confinement after arrest but prior to conviction and sentencing. Estep v. State, 318 So.2d 520 (Fla. 1st DCA 1975). Such confinement is not limited to confinement in jail. Johnson v. State, 357 So.2d 203 (Fla. 1st DCA 1978). For conviction under the escape statute, the state need show only (1) the right to legal custody and (2) a conscious and intentional act of the defendant in leaving the established area of such custody. Watford v. State, 353 So.2d 1263 (Fla. 1st DCA 1978).
367 So.2d at 702.
We believe, however, that the statute as framed requires the state to show more than a mere right to legal custody as required by Akers and, to that extent, we are in conflict with Akers. While it may be true, as suggested by Akers, that such a result may allow a "prisoner" to walk away after he has been lawfully arrested and is in lawful custody without penalty,[1] we cannot penalize conduct omitted or overlooked by the legislature or not properly charged by the state. Penal statutes must be strictly construed and under the facts here there was no showing whatever that Ramsey was being transported as required by the statute. Since there was no such proof, the court should have granted Ramsey's motion to dismiss.
REVERSED.
SHARP and COWART, JJ., concur.
NOTES
[1] Consider, however, section 843.02, Florida Statutes (1981), which proscribes the act of resisting an officer without violence to his person.