447 So.2d 961 (1984)
STATE of Florida, Appellant,
v.
Anthony IAFORNARO, Appellee.
No. 83-119.
District Court of Appeal of Florida, Fifth District.
March 15, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellant.
Russell H. Cullen, Jr., of Freeman, Cullen, Eaton & Fountain, Altamonte Springs, for appellee.
PER CURIAM.
Affirmed on the authority of Ramsey v. State, 442 So.2d 303 (Fla. 5th DCA 1983).
*962 COBB, J., and LEE, R.E., Associate Judge, concur.
ORFINGER, C.J., concurs specially with opinion.
ORFINGER, Chief Judge, specially concurring.
I concur in the affirmance only because we are bound by the decision of this court in Ramsey v. State, cited in the per curiam decision. Were I free to do so, however, I would vote to reverse.
The facts are relatively simple. Defendant was stopped by a police officer for running a red light. While talking to defendant, the officer smelled alcohol on defendant's breath and had him take a field sobriety test. When defendant failed the test, the officer placed him under arrest and told him to put his hands on top of the police car for a pat down. Instead of complying, defendant took a few steps toward the car, then fled. On the charge of escape, the trial court granted defendant's motion to dismiss and the state appeals.
Under similar facts, this court in Ramsey held that while the defendant might be charged with resisting arrest, he could not be charged with escape because under the facts of the case he could only be charged with escape if he were being "transported to ... a place of confinement ...". See section 944.40, Florida Statutes (1981). The Ramsey panel was aware of the decision in State v. Akers, 367 So.2d 700 (Fla. 2d DCA 1979) and noted conflict with that case. I would have followed the reasoning and the result of Akers.
Section 944.02(5), Florida Statutes (1981) defines a prisoner as "any person who is under arrest and in the lawful custody of any law enforcement official ..." Defendant here was under arrest, thus presumptively in lawful custody. See State v. Williams, 444 So.2d 13 (Fla. 1984). For the purposes of the motion to dismiss, defendant was a "prisoner." The question then is whether defendant violated Florida Statute Section 944.40 (1981) which reads:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
by escaping while "being transported to or from a place of confinement." The Akers court in dealing with a factual situation similar to that here and in Ramsey, although not discussing the issue of whether "transporting" was involved, held that the present escape statute includes escape from confinement while under arrest, and that all the state need prove was (1) the right to legal custody and (2) a conscious and intentional act of the defendant in leaving the established area of such custody.
In disagreeing with Akers because there had been no showing that the prisoner was being "transported" to a place of confinement, Ramsey does not address the question of when and by what means "transportation" begins. Does transportation of a prisoner necessarily begin only when he is handcuffed? Or does it begin only when he is placed in the patrol car? Must the patrol car begin to move before "transportation" begins? I pose only some of the difficult questions, but I believe that the Akers rationale eliminates them and makes resolution of the problem much simpler both for the courts, the prosecutors and defendants. Since a suspect does not become a "prisoner" until he is placed under arrest, and since he cannot be transported to a place of confinement until he becomes a prisoner, unless the facts clearly show that the officer had no intention of taking him from the scene, "transportation to a place of confinement" begins at the time the suspect is placed under arrest, because that is the very first step in the process. Even though not yet physically restrained, one who has been placed under arrest has had his liberty restrained in that he is not *963 free to leave. His confinement has thus begun and if he escapes from lawful custody, he may be properly charged with escape. The fact that he may also be charged with resisting arrest does not affect the result, because oftentimes a single act violates two or more criminal statutes.
Therefore, were I not bound by Ramsey, I would reverse. We should again note express conflict with Akers.