GRIMES, Judge.
In this appeal from a conviction of escape, appellant contends that the court erred in denying his motion to dismiss.
In his sworn motion filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), appellant asserted that Sergeant Robinson of the Manatee County Sheriff’s Office told appellant that he was under arrest. Although Robinson had no *105 arrest warrant, he had teletyped information from Hillsborough County that appellant was wanted for child molestation. When appellant refused to accompany Sergeant Robinson downtown, Robinson attempted to handcuff him. Appellant pushed Robinson aside and fled.
We affirm on the authority of State v. Akers, 367 So.2d 700 (Fla. 2d DCA 1979). Accord Johnson v. State, No. 84-2037 (Fla. 2d DCA March 8,1985), pet. for review filed (Fla. April 19, 1985) (No. 66,919). Despite the fact that the handcuffs never touched appellant, he met the definition of a prisoner because he was under arrest and in the lawful custody of a law enforcement official.
We acknowledge conflict with Ramsey v. State, 442 So.2d 303 (Fla. 5th DCA 1983), in which that court under similar circumstances reversed a conviction for escape on the theory that transportation of the prisoner had not yet begun. We prefer the reasoning expressed by Chief Judge Orfinger of the same court in his concurring opinion in State v. Iafornaro, 447 So.2d 961 (Fla. 5th DCA 1984):
Since a suspect does not become a “prisoner” until he is placed under arrest, and since he cannot be transported to a place of confinement until he becomes a prisoner, unless the facts clearly show that the officer had no intention of taking him from the scene, “transportation to a place of confinement” begins at the time the suspect is placed under arrest, because that is the very first step in the process. Even though not yet physically restrained, one who has been placed under arrest has had his liberty restrained in that he is not free to leave. His confinement has thus begun and if he escapes from lawful custody, he may be properly charged with escape. The fact that he may also be charged with resisting arrest does not affect the result, because oftentimes a single act violates two or more criminal statutes.
447 So.2d at 962-63.
Affirmed.
RYDER, C.J., and SCHEB, J., concur.