ADKINS, Justice.
This case is before us because it expressly and directly conflicts with State v. Akers, 367 So.2d 700 (Fla. 2d DCA 1979). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The Fifth District, 447 So.2d 961, affirmed the trial court’s granting of Iafornaro’s motion to dismiss, citing its decision in Ramsey v. State, 442 So.2d 303 (Fla. 5th DCA 1983). We quashed the Ramsey decision in State v. Ramsey, 475 So.2d 671 (Fla.1985). In Ramsey we approved of the decision in State v. Akers, 367 So.2d 700 (Fla. 2d DCA 1979).
Only one of respondent’s claims merits discussion; otherwise, this case could be summarily decided on the basis of Ramsey. Iafornaro argues that he was not under arrest at the time he fled. A transcript of this case was not prepared in the trial court. Therefore, the parties, pursuant to *210 Florida Rule of Appellate Procedure 9.200(a)(3) prepared a stipulated statement to be substituted for the record for use on appeal. The stipulated statement does not state that Iafornaro was placed under arrest. Respondent claims this is due to “supplemental knowledge” on the part of the assistant state attorney that “the officer had not ‘placed the appellant under arrest/ but had merely told him to place his hands on the car.”
However, the officer’s report, which was treated as an exhibit in the lower court, was included as a part of the stipulated statement. The officer’s report stated that he placed Iafornaro under arrest for driving while under the influence of alcohol. The inclusion of this report was entirely proper since Florida Rule of Appellate Procedure 9.200(a)(3) provides, inter alia:
(3) Stipulated Statement. The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented.
(emphasis added).
It is clear from the posture of this case on appeal that the trial court determined this issue adversely to respondent, and we accept that determination for the purposes of this appeal.
Having determined that Iafornaro was under arrest, the facts of this case are indistinguishable from the facts of Ramsey and Ramsey controls.
Therefore, we quash the decision of the Fifth District Court of Appeal on the authority of State v. Ramsey, 475 So.2d 671 (Fla.1985), and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents with an opinion.