STONE, J.
We affirm Hutchinson’s conviction and sentence on the charge of escape on our conclusion that the trial court did not err in denying either his motion to dismiss or his motion for judgment of acquittal.
The facts supporting the escape conviction occurred when Hutchinson stood trial on unrelated criminal charges. After the jury announced its verdict of guilty, the trial judge ordered the court deputy to take Hutchinson, who had been on pretrial bond, into custody. Upon hearing the court’s order, the court deputy stepped between Hutchinson and his attorney and attempted to take Hutchinson’s hand to place him in handcuffs. At that time, Hutchinson leaped over the railing and ran out of the courtroom. He was tackled in the hallway, restrained, and later charged with escape.
In State v. Ramsey, 475 So.2d 671 (Fla.1985), the Florida Supreme Court held that a defendant, who had been stopped for a traffic infraction, had been informed by the deputy that he was under arrest, and had been told to place his hands on the truck of the patrol car, but who had escaped prior to being handcuffed, could properly be convicted of escape. See id. *1288 The court approved the district court decision in State v. Akers, 367 So.2d 700 (Fla. 2d DCA 1979), which, construing sections 944.40 and 944.02(5), Florida Statutes, in pari materia^ held that
the legislature intended that any person under arrest and in the lawful custody of a law enforcement official who escapes while being transported to or from a place of confinement shall be guilty of a felony.
... For conviction under the escape statute, the state need show only (1) the right to legal custody and (2) a conscious and intentional act of the defendant in leaving the established area of such custody.
Ramsey, 475 So.2d at 672 (quoting Akers).
As in Ramsey, Hutchinson was in custody, notwithstanding that the deputy had not completed the act of acquiring total physical control at the instant of escape. Hence, the crime of escape was correctly charged and proven.
As to the sentencing issue raised, we affirm as Hutchinson failed to preserve this issue by filing a motion in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b).
GUNTHER and POLEN, JJ„ concur.