341 So.2d 201 (1976)
Anthony Edward MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 76-611.
District Court of Appeal of Florida, Second District.
December 8, 1976.
Concurring Opinion on Denial of Rehearing January 28, 1977.
Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
GOBBIE, EVELYN, Associate Judge.
This is an appeal from revocation of appellant's probation. We hold such revocation was erroneous.
Appellant, pursuant to a plea negotiation, pled guilty to robbery. At arraignment, it was agreed that:
1. Appellant would serve no more than one year in county jail, if the presentence investigation proved negative as to any prior record;
2. Appellant would keep out of trouble prior to sentencing; and
3. Appellant would testify truthfully against the other persons involved.
At sentencing, appellant was placed on five years probation conditioned upon his *202 serving one year in jail plus other conditions. However, no mention was made at that time as to his testifying for the state, nor was this condition imposed in writing.
One Mildred Ward was one of the persons involved in the robbery. At her trial, appellant refused to testify against her, although he did give evidence against a Willie Barnes, also involved. After Ward was tried, appellant was charged with violating one of the conditions of his probation by his refusal to testify against her, and a revocation hearing was held.
At the hearing, appellant told the court that his reason for not testifying against Mildred Ward was that Willie Barnes had threatened "he would kill me for making his broad go to prison." Upon conclusion of that hearing, appellant's probation was revoked and he was sentenced to serve from six months to life imprisonment. This appeal ensued. We reverse.
The pivotal point of any appeal from a judicial proceeding, be it civil or criminal, jury or nonjury, juvenile court or probate, is "fairness." It is a simple word, but constitutes the very root of our judicial system. Without fairness, the system would not function and the proper administration of justice would fall by the wayside.
This court is in complete agreement with the appellee when it asserts that a court must have some recourse when a defendant violates a condition of probation. However, before such recourse becomes a reality, surely the defendant has to be put on notice as to what he must do or cannot do as special conditions of his probation. Is this not fairness? Basic justice makes this fairness mandatory. Throughout the judicial years, this concept of notice to a defendant has been well recognized as an essential element of "due process."
Since appellant's original agreement to testify was not made a condition of his probation, he had a right to assume that the requirement to testify had been abandoned, with respect to being a condition of his probation. The revocation being based upon an act not proscribed by the conditions of his probation was, therefore, improper. To hold otherwise would result in utter chaos in the criminal justice system. It is hoped that in the future, all understandings which are to be conditions of probation be expressly set forth in the probation order.
The order of revocation is vacated and probation reinstated.
BOARDMAN, A.C.J., and SCHEB, J., concur.

ON PETITION FOR REHEARING
Counsel for appellee having filed in this cause a Petition for Rehearing and the same having been considered by the Court, it is
ORDERED that said Petition be and the same is hereby denied.
SCHEB, J., and GOBBIE, EVELYN, Associate Judge, concur.
BOARDMAN, C.J., concurs specially.
BOARDMAN, Chief Judge, specially concurring.
Pursuant to the state's request to this Court for a rehearing of this cause I have again reviewed the entire record on appeal. It is abundantly clear from the colloquy between the trial judge and appellant and from appellant's subsequent actions that he had sufficient notice and knowledge that he was expected and obligated to testify as a state's witness.
Nonetheless probation cannot be revoked unless a condition of probation has been violated. See White v. State, 301 So.2d 464 (Fla. 1st DCA 1974). See also Russ v. State, 313 So.2d 758 (Fla. 1975). Appellant cannot be said to have violated probation since the agreement to testify was neither an implicit nor explicit condition of probation. See Croteau v. State, 334 So.2d 577 (Fla. 1976). The agreement was however a term of the plea bargain. Although appellant failed to comply with the bargain he was sentenced to probation, and it would violate the constitutional guarantee against double jeopardy to resentence him to imprisonment *203 on the original charge. Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976).
For the above-stated reasons I concur with the result reached by the majority and agree that the Petition for Rehearing should be denied.