357 So.2d 203 (1978)
Anthony Ozer JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. HH-86.
District Court of Appeal of Florida, First District.
March 15, 1978.
Rehearing Denied April 17, 1978.
*204 Michael Minerva, Public Defender, and Janice G. Scott, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael H. Davidson, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks review of the judgment and sentence for escape, Section 944.40, Florida Statutes (1975). Appellant contends he is entitled to reversal because of an alleged variance between the gravamen of the information and the evidence adduced at trial.
The information alleged that appellant "was lawfully confined in the Alachua County Adult Detention Center, ... and being then and there so confined, did unlawfully escape from such confinement, ... ." The evidence revealed that appellant was arrested and taken to the Alachua County Adult Detention Center. During the booking process, appellant apparently became ill and was escorted by a police officer to the emergency room of Alachua General Hospital for treatment. Appellant escaped while at the hospital. Appellant asserts there is a fatal variance because the evidence did not reveal that appellant escaped from the confinement of the Alachua County Adult Detention Center.
Section 944.40, Florida Statutes (1975), provides:
"Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, . .."
We do not believe the term "confinement" is narrowly limited to the actual physical presence in the jail. Appellant had been committed to the jail and was in the lawful custody of the jail. This confinement may extend to the hospital from which appellant escaped. Although Sections 945.091 and 951.24, Florida Statutes (1975), specifically recognize that a prisoner may be regarded as "confined" even though not physically present in the correctional facility for the purposes of work-release programs and other rehabilitative purposes, the existence of these statutes does not require a narrow definition of the term "confinement."
Accordingly, there was no fatal variance between the information and the evidence adduced at trial. Therefore, the judgment and sentence are AFFIRMED.
MILLS, Acting C.J., and ERVIN and BOOTH, JJ., concur.