388 So.2d 1345 (1980)
Jimmie Lee WILLIAMSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-48.
District Court of Appeal of Florida, Third District.
October 14, 1980.
*1346 Bennett H. Brummer, Public Defender and Peter Raben, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Susan C. Minor, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
In the course of burglarizing a home on Miami Beach, the defendant-appellant was set upon by its occupants; he was severely beaten, losing three teeth, and was bound hand and foot until the police arrived. After being charged with burglary of an occupied dwelling, "Williamson" negotiated the terms of a guilty plea with the prosecution which were accepted by the court. In accordance with that agreement, on May 14, 1979, he pled guilty and was sentenced to one year in the county jail, followed by three years probation.[1] At the defendant's request, ostensibly to permit him to complete a job on which he was working at the time, the court granted him until June 1, 1979 to surrender for the service of his jail term. June 1 arrived but Williamson did not. He did not again appear until September 19 when he was taken into custody on the alias capias which had been issued for his arrest. After hearing, his probation was then revoked because of his failure to appear on June 1, and he was resentenced to 15 years in the state prison; the court also retained jurisdiction, pursuant to Section 947.16(3), Florida Statutes (Supp. 1978), to "veto" any parole of the defendant before he had served one-third of the sentence. On this ensuing appeal, we affirm the sentence, but reverse the retention of jurisdiction.
Williamson-Griffin's primary contention is that his probation was erroneously revoked because the failure to surrender was not technically in violation of any of the stated conditions of the order of probation;[2] *1347 indeed, the appellant points out that when the plea was taken the postponed surrender was expressly stated not to be a special condition of probation, but rather of the plea. See, Morgan v. State, 341 So.2d 201 (Fla. 2d DCA 1977); see also, Donneil v. State, 377 So.2d 805 (Fla. 3d DCA 1979); Sutton v. State, 348 So.2d 626 (Fla. 3d DCA 1977). We agree with the factual premises of the appellant's argument but not with his conclusion. Since Williamson's probationary term, which was to follow his year in jail, had not yet begun, he could not have been in violation of any of its express terms prior to that time-even if he had committed a first degree murder while at liberty. The issue therefore is whether probation may validly be revoked for plainly improper conduct which occurs before the term actually begins. Martin v. State, 243 So.2d 189 (Fla. 4th DCA 1971), cert. denied, 247 So.2d 63 (Fla. 1971), considered this very issue. At 243 So.2d 190-91, the court held in language we consider controlling here:
The question here is whether a defendant probationer can, with impunity, engage in a criminal course of conduct (or for that matter any course of conduct which is essentially contrary to good behavior) during the interval between the date of an order of probation and some subsequent date when the probationary term is to commence. We think not. To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society. Cf. McNeely v. State, Fla.App. 1966, 186 So.2d 520. Although the statute empowers the court to revoke probation when a probationer has violated a condition of his probation in a material respect, the power to revoke probation is an inherent power of the trial court, Bronson v. State, 1941, 148 Fla. 188, 3 So.2d 873, which may be exercised at anytime upon the court determining that the probationer has violated the law. State ex rel. Roberts v. Cochran, supra. Under the exercise of such inherent power, the court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to the entry of the order of probation. [e.s.]
While Martin's pre-probation actions, unlike Williamson's, involved the commission of specific crimes, this does not change the result. It is obvious that Williamson's failure to adhere to an undertaking which was granted, like the probation itself, only as a matter of grace of the court,[3] was a reprehensible "course of conduct which is essentially contrary to good behavior," 243 So.2d at 190, and "misconduct," 243 So.2d at 191, which well-supports an exercise of the trial court's inherent power to revoke the order of probation. Again to draw upon the language of the Martin opinion, it would be a mockery to permit Williamson to claim his continued entitlement to future probation after he deliberately and knowingly violated the trust reposed in him upon the granting of his own request for a reciprocal *1348 benefit.[4] See also, Loeb v. State, 387 So.2d 433 (Fla. 3d DCA 1980); cf., State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980). We will not approve such a result.[5]
The trial court's application of Section 947.16(3) was, however, erroneous. At the time of the commission of the crime,[6] the statute provided:
Persons who have become eligible for parole and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law; except that, in any case of a person convicted of murder, robbery, aggravated assault, aggravated battery, kidnapping, sexual battery, arson, or any felony involving the use of a firearm or other deadly weapon or the use of intentional violence, at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court judge is limited to the first third of the maximum sentence imposed.
It is apparent that, since burglary is not one of the specified crimes, the section could not properly be invoked in this case. Robinson v. State, 368 So.2d 638 (Fla. 2d DCA 1979); Williams v. State, 374 So.2d 1086 (Fla. 2d DCA 1979).[7]
The reservation of jurisdiction under Section 947.16(3), Florida Statutes (Supp. 1978), is stricken from the judgment under review, which is otherwise affirmed.
Affirmed in part, reversed in part.
NOTES
[1] The leniency of the plea arrangement was largely the result of the fact that the defendant represented himself to be a person named Williamson who had no prior record. In fact, it was discovered-after the plea and sentence, but before the probation revocation-that he was really McArthur Griffin who had six felony convictions.
[2] Condition (4), "[y]ou will live and remain at liberty without violating any law," does not apply because the defendant's failure to appear was simply not in violation of any particular statutory provision certainly not, as the state suggests, the escape statute, Section 944.40, Florida Statutes (1977), which requires the prior confinement of a prisoner.

Condition (7), to which the appellee also calls our attention, states:
(7) You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation Supervisor, and allow the Supervisor to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.
It is apparent, however, that the "instructions" referred to are not of the Court but of the probation supervisor, who gave none to the appellant.
[3] E.g., State ex rel. Roberts v. Cochran, 140 So.2d 597 (Fla. 1962).
[4] On appeal, the defendant suggests that the proper remedy for his malefactions is to vitiate the plea bargain and proceed to trial on the original charge. Since, however, he has already been sentenced, any resulting enhancement of the punishment would not be constitutionally permissible. Hardwick v. State, 357 So.2d 265 (Fla. 3d DCA 1978); Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976).
[5] Morgan v. State, supra, in which the probationer failed to comply with an agreement to testify which was a part of the plea arrangement, but not the probation order, is distinguishable on the ground that the defendant in that case had already begun to serve the term of probation when he violated the undertaking. In all candor, however, it must be said that we disagree with the thrust of that opinion.
[6] The statute has since been amended in several respects, none of which are material to the present issue. Ch. 79-341, § 8, Laws of Fla.
[7] We relegate to a footnote and need not respond to the state's perhaps tongue-in-cheek contention that the crime involved the "use of intentional violence" under the statute, and that it makes no difference that Williamson was the object and not the perpetrator of the only violence involved in the case.