PER CURIAM.
The appellant, acting pro se, has appealed from judgments and sentences entered against him upon the revocation of five terms of probation. We have carefully examined, but have found no merit in the issues and contentions raised by the appellant. Addressing the points asserted in the appellant’s brief, we hold as follows:
1. Morris represented himself, at his request, at the revocation hearing, see Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). No harmful effect has been demonstrated as a result of the court’s failure to permit him to do so at an earlier stage of the proceedings below. Section 924.33 Fla.Stat. (1979).
*863 2. The apparent claim that the evidence against him was insufficient because of alleged inconsistencies of the state’s witnesses and the failure to preserve or introduce physical evidence of the spoils of the crime, is totally without substance. Russ v. State, 313 So.2d 758 (Fla.1975), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975); Holland v. State, 129 Fla. 363, 176 So. 169 (1937); see State v. Sobel, 363 So.2d 324 (Fla.1978).
3. In the absence of a proper motion for recusal under Section 38.10, Fla. Stat. (1979), the trial judge correctly declined to disqualify himself. See, Crosby v. State, 97 So.2d 181 (Fla.1957).
4. The state’s alleged failure to comply with the provisions of Section 949.11, Fla. Stat. (1979) is totally immaterial to the validity of the convictions under review. See, Grose v. Stack, 286 So.2d 220 (Fla. 4th DCA 1973).[1]
Affirmed.

. The contentions initially raised in the reply brief are both untimely and without merit. See, Williamson v. State, 388 So.2d 1345 (Fla. 3d DCA 1980).