SHIVERS, Judge.
Joseph Pumphrey appeals his conviction for escape, while the state cross-appeals on the issue of the trial court’s downward departure from the sentencing guidelines. We affirm the conviction, but reverse and remand for resentencing.
The record indicates that the appellant was originally charged by information with three counts of grand theft in Case No. 85-1897, one count of uttering and one count of forgery in Case No. 85-2088, and two counts of grand theft and two counts of uttering in Case No. 85-4220. On December 5, 1985 he entered pleas of nolo contendere to all counts, in exchange for a cap of five years incarceration and the state’s agreement to nolle prosse a fourth case. The trial court (Judge Davey) accepted the plea, withheld adjudication, ordered a presentence investigation and set sentencing for January 24, 1986. The court also granted appellant’s request for a 24-hour furlough from jail to attend to a family matter at his grandmother’s house, but warned appellant that “if you don’t come back, that will be an additional offense and this plea negotiation is out the window.” Appellant failed to return until January 7, 1986, at which time he voluntarily turned himself in to the Leon County Jail. Appellant was charged by information with escape. Because of his failure to return, Judge Davey rejected the plea agreement and sentenced appellant to two consecutive five-year terms of imprisonment in two of the cases and a concurrent five-year term in the third case. Those sentences were later appealed to this court.
With regard to the escape charge, appellant was tried and found guilty. Although the presumptive guideline sentence was 12-17 years, the trial court (Judge Miner) sentenced appellant to only two years, giving the following written reason for the downward departure:
The defendant was charged with several felonies in other cases and entered a negotiated plea of nolo contendere with an agreement for a five year sentence. After entering those pleas the defendant was released on a 24-hour furlough but failed to return to the jail within the specified time. As a result of not returning on time the defendant was sentenced to ten years instead of five on the cases from which he was furloughed and, in addition, was convicted of escape in this case for the same failure to return from the furlough on time. This Court believes that the defendant has, to a large extent, already been punished for the conduct constituting this offense and finds that to be a sufficient reason to depart from the recommended guidelines sentence of 12 to 17 years.
In appealing his conviction for escape, Pumphrey argues that he was not “in custody” at the time Judge Davey granted the 24-hour furlough, but instead was merely a pretrial detainee, released on his own recognizance for a limited period of time. He thus concludes that he did not meet the definition of “prisoner” found in section 944.02(5), Florida Statutes (1985), and could not have been found guilty of escape as defined in section 944.40, Florida Statutes (1985).
We disagree with appellant’s argument. According to section 944.40, “[a]ny prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement” is guilty of escape. The term “prisoner” is defined in section 944.02(5) as “any person who is under arrest and in the lawful custody of *1020 any law enforcement official, or any person convicted and sentenced by any court and committed to any municipal or county jail or state prison, prison farm, or penitentiary, or to the custody of the department, as provided by law.” (e.s.)
At the time his furlough was granted by Judge Davey, appellant had been arrested on felony charges and was being held in the Leon County Jail pending adjudication and sentencing, thus satisfying both conditions of the first definition of prisoner found in section 944.02(5). The fact that he was not physically present in the jail at the time of his failure to return does not defeat this conclusion. In Johnson v. State, 357 So.2d 203 (Fla. 1st DCA 1978), the defendant was arrested and taken to the Alachua County Adult Detention Center. During the booking process, he became ill and was escorted by the police to the hospital emergency room, from which he escaped. This court rejected the defendant’s argument that he was entitled to reversal since he had not escaped from confinement at the detention center, and held that the term “confinement” was not narrowly limited to “actual physical presence in the jail.” 357 So.2d at 204. Under the rationale of Johnson, appellant’s confinement was not limited to his actual presence in the Leon County Jail, but extended for a 24-hour period to include the area of his grandmother’s house, from which he unlawfully escaped. We therefore affirm appellant’s judgment for escape. See also State v. Ramsey, 475 So.2d 671 (Fla.1985), in which the Florida Supreme Court approved a decision by the Fifth District holding that in order to convict under the escape statute “the state need show only (1) the right to legal custody and (2) a conscious and intentional act of the defendant in leaving the established area of such custody.” State v. Akers, 367 So.2d 700, 702 (Fla. 2d DCA 1979).
As to the issue on cross-appeal, we reverse. Judge Miner’s downward departure sentence was based on his belief that the appellant had already been punished for the escape by Judge Davey’s rejection of the plea agreement reached in the other three cases. As mentioned above, the sentence imposed by Judge Davey was appealed separately, and in Pumphrey v. State, 502 So.2d 982 (Fla. 1st DCA 1987), the court reversed with instructions that the trial court either conform the sentence to the terms of the plea agreement or grant appellant’s motion to withdraw his nolo contendere plea. Since the basis for the trial court’s downward departure in the instant case no longer exists, we therefore reverse and remand for resentencing on the escape charge, with instructions that the trial court either sentence appellant within the recommended guideline range, or state clear and convincing reasons for any departure therefrom.
BARFIELD, J., concurs, with an opinion.
NIMMONS, J., dissents, with opinion.