527 So.2d 1382 (1988)
Joseph PUMPHREY, Petitioner,
v.
STATE of Florida, Respondent.
No. 71459.
Supreme Court of Florida.
July 14, 1988.
*1383 Michael E. Allen, Public Defender and Kathleen Stover, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
SHAW, Justice.
We have for review Pumphrey v. State, 512 So.2d 1018 (Fla. 1st DCA 1987), which conflicts with Williamson v. State, 388 So.2d 1345 (Fla. 3d DCA 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the decision of the district court below.
Pumphrey was charged with grand theft, uttering, and forgery. He entered a plea, which was accepted by the trial court. The court withheld adjudication and, prior to sentencing, ordered a presentence investigation. The court also granted Pumphrey's request for a twenty-four hour furlough from jail to gather firewood for his grandmother. Pumphrey failed to return until many days later. On the basis of this failure to return, he was convicted of escape. Due to the presence of a mitigating factor, the trial court departed from the guidelines range of twelve to seventeen years and sentenced Pumphrey to two years imprisonment for this offense. The DCA affirmed the conviction, finding that Pumphrey was a "prisoner" under section 944.02(5), Florida Statutes (1985), which provides:
"[p]risoner" means any person who is under arrest and in the lawful custody of any law enforcement official...
and that he had "escaped" under section 944.40, Florida Statutes (1985):
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony... .
However, because it found the trial court's reason for downward departure invalid, the district court reversed and remanded for resentencing, instructing the trial court either to follow the guidelines or to state clear and convincing reasons for departure. Pumphrey's petition for review was granted based on conflict with Williamson, a revocation of probation case in which the district court stated that section 944.40 "requires the prior confinement of a prisoner." Williamson, 388 So.2d at 1347 n. 2. We find that Pumphrey's failure to return from furlough failed to constitute "escape" under this statute.
In reaching its conclusion, the district court relied on Johnson v. State, 357 So.2d 203 (Fla. 1st DCA) (escape upheld where prisoner became ill during booking and, after being escorted to the emergency room, escaped from the hospital), cert. denied, 362 So.2d 1054 (Fla. 1978). The Johnson court reasoned:
We do not believe the term "confinement" is narrowly limited to the actual physical presence in the jail. Appellant had been committed to the jail and was in *1384 the lawful custody of the jail. This confinement may extend to the hospital from which appellant escaped.
Id. at 204. Adopting the Johnson rationale, the court below concluded:
Under the rationale of Johnson, appellant's confinement was not limited to his actual presence in the Leon County Jail, but extended for a 24-hour period to include the area of the grandmother's house, from which he unlawfully escaped.
Pumphrey, 512 So.2d at 1020.
Johnson, however, is distinguishable on three key points. First, Johnson was never formally released from the confinement of jail; he apparently was informally allowed to leave jail to seek hospital treatment. Pumphrey, on the other hand, according to the record, was formally released from jail, the court ordering:
All right. I will grant your ore tenus motion for a 24-hour furlough to be released from jail at 6:00 P.M. tonight. (Emphasis added.)
Second, when he left jail, Johnson was escorted by a policeman. Pumphrey was not. Third, Johnson escaped from a restrictive environment  a hospital. Pumphrey's environment, however, was unrestricted. The trial court's verbal order releasing Pumphrey said nothing about the borders of his furlough being restricted to his grandmother's house. He was released to do chores there, but apparently during the furlough his freedom of movement was unrestricted.
The district court's reliance on State v. Ramsey, 475 So.2d 671 (Fla. 1985) (escape upheld where suspect placed under arrest, told to place hands on car, replied "No way," and ran off), is similarly misplaced. There, this Court cited with approval the following statement from State v. Akers, 367 So.2d 700, 702 (Fla. 2d DCA 1979):
For conviction under the escape statute, the state need show only (1) the right to legal custody and (2) a conscious and intentional act of the defendant in leaving the established area of such custody.
Ramsey, 475 So.2d at 672. However, this statement was not intended for application in situations such as here where "confinement" is in issue. It was designed to resolve the question of when transportation begins in those escape cases involving arrest where custody is in issue. Its use should be so limited. Nor do the provisions of sections 945.091 and 951.24, Florida Statutes (1985), which extend the definition of confinement to cover furloughs and work release programs, apply. These sections pertain only to certain prisoners who have been sentenced.
In conclusion, Pumphrey did not escape when he failed to return from helping his grandmother. There was nothing for him to escape from. He did not escape from the physical presence of a policeman, or from the confines of a restricted environment, or from a sentence that had to be served. Pumphrey simply failed to appear following pretrial release, which is punishable under section 843.15, Florida Statutes (1985). The conviction and sentence are accordingly quashed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
OVERTON, Acting C.J., and McDONALD, BARKETT and KOGAN, JJ., concur.
GRIMES, J., dissents with an opinion.
EHRLICH, C.J., did not participate in this case.
GRIMES, Justice, dissenting.
This Court has no jurisdiction to review the decision of the district court of appeal.
Williamson v. State, which is said to be in conflict with the decision below, involved a plea bargain under which the defendant pled guilty and was sentenced to one year in county jail followed by three years probation. The defendant requested permission to complete a job on which he was working at the time. The court responded by granting him seventeen days before he was required to surrender for the service of his jail term. He did not appear at the appointed time and was later arrested. *1385 The court revoked his probation for the failure to appear and resentenced him to fifteen years in state prison. The defendant contended that his probation could not be revoked when it had not yet started. Notwithstanding, the Third District Court of Appeal concluded that the court had the inherent power to revoke the order of probation for the defendant's failure to report to jail.
The only basis for suggesting a conflict with the instant case arises because of the discussion in the Williamson opinion of whether the failure to surrender was in violation of any of the stated conditions of the order of probation. The court observed in footnote 2:
Condition (4), "[y]ou will live and remain at liberty without violating any law," does not apply because the defendant's failure to appear was simply not in violation of any particular statutory provision  certainly not, as the state suggests, the escape statute, Section 944.40, Florida Statutes (1977), which requires the prior confinement of a prisoner.
Williamson, 388 So.2d at 1347 n. 2. The majority has erroneously bootstrapped this language into a decision which expressly and directly conflicts with the decision below.
Both the facts and the issues in Williamson were entirely different than in the instant case. The issue in Williamson was whether the defendant's probation could be revoked when it had not yet commenced. Williamson had not yet been in jail and was only scheduled to appear there seventeen days later. Hence, the court properly made reference to the absence of "prior confinement," because Williamson could not have been guilty of escape when he had never been confined. Here, Pumphrey had already been in jail before he entered his plea. He was then granted a twenty-four hour furlough. The issue is whether he could still be said to be in confinement during this period so as to be prosecuted for escape. I do not reach the merits of this issue because there is simply no conflict of decisions upon which to predicate jurisdiction.