## STATE OF FLORIDA v LOPEZ-ONA

Case No. 87-329-AC

Eleventh Judicial Circuit, Dade County

January 19, 1989

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Michele L. Crawford,** Assistant Attorney General, for appellant.

**Noel A. Pelella,** Essen & Essen, P.A., for appellee.

Before BLOOM, GOLDMAN, SALMON, JJ.

### OPINION OF THE COURT

BLOOM, J.

The prime issue here is whether the trial court erred in not imposing a statutory thirty (30) days imprisonment upon a defendant convicted for his third DUI within five (5) years of the date of a prior such conviction.

The State contends that Section 316.193(6)(c), Fla. Stat. mandates thirty (30) days imprisonment. That provision reads:

"(c) the court shall order imprisonment for not less than 30 days."

The same statutory scheme (Sec. 316.193 Fla. Stat.) provides a rational graduated scale of penalties for DUI convictions consisting of fines and imprisonment, and culminates with Section 316.193(6)(c) Fla. Stat. "regardless of any other applicable penalty imposed," namely imprisonment for not less than thirty (30) days.

The defendant contends that the word "imprisonment" means or includes "confinement," "custody," or "work release," and that such an interpretation is proper since absence from custody or work release carries with it a separate charge for "escape." Defendant cites § 951.01 and § 921.187 Fla. Stat. as authorization for prisoner participation in discretionary release and public works projects as alternatives to incarceration. However, a review of those statutes appears to require that the inmate participate "while serving a sentence in a county jail," or "in jail."

At oral argument of this cause, we were advised that sentences similar to that before us are customary in order to avoid jail over-crowding and other inmate maintenance expenses. That is a problem which should be addressed directly and not by sophistry. A work release program wherein a defendant does not spend even one night in jail (as is the case here), is hardly compliance with a mandatory minimum sentence of thirty (30) days imprisonment; or of deterrence to a third time convicted criminal or to the community at large. In other words, to paraphrase Gertrude Stein, on a third DUI conviction within five years of a prior such conviction, the law calls for imprisonment, imprisonment, imprisonment and not for substitutes.

We find no authority for a substitution being given, mean, or intended by the Legislature for imprisonment. Such interpretation as advanced by defendant distorts the plain meaning of "imprisonment" in a situation in which there clearly is no need for statutory construction. The instant statute was designed to emphasize, cure and deter an existing anti-public behavior, namely driving while intoxicated, and it should be given full effect by the courts.

We reverse the trial court's substitution of the meaning of "imprisonment" for that directed by the Legislature in clear and plain language, and we remand this case to the trial court for further proceedings as may be appropriate.*

SALMON, J., concurring specially.

---

* With respect to remand, we are not unmindful of Judge Salmon's concurrence and Judge Goldman's dissent insofar as the sentence is concerned. Since Defendant has served no time in prison or jail, he should be required to do so in accordance with the clear mandate of the Legislature.

158

The Defendant was convicted of driving under the influence of alcohol for the third time within five years. That conviction required the court to order the Defendant imprisoned for not less than 30 days. Section 316.192(b)(c), Fla. Stat. (1987), (the "Statute"). In addition to the other penalties imposed, the trial judge ordered that the Defendant serve "30 days in County Jail, to be served on [sic] Dade County Work project of [sic] 60 days. "The question is whether or not the sentence imposed meets the requirements of the statute which mandates imprisonment. Because I believe it does not, I vote to reverse.

Regardless of whether one is an admirer of Gertrude Stein or Oscar Wilde, the clear import of the Statute is that the Defendant spend 30 days imprisoned. While I agree with that portion of the dissent that acknowledges that the trial judge may grant the Defendant the privilege to leave the jail to work at paid employment, that provision does not authorize the judge to release the Defendant from jail when he is not working, which is what was done in this case.

I find nothing inherently unfair in requiring the Defendant to serve those after work hours and weekends he would have served had a lawful sentence been imposed; after all, he was three times convicted. I would reverse and remand with directions to the trial judge to impose a lawful sentence.

Reversed and remanded.

GOLDMAN, J.

I must respectfully dissent from the majority opinion.

The Defendant was charged with, and plead no contest to, DUI. His driver's license was suspended for 5 years; he was given a 12 month term of non-reporting probation with a special condition that he paid a $1,000.00 fine and complete an alcohol abuse program at the Veteran's Administration Hospital.

In addition thereto, the trial judge ordered the Defendant "to serve 30 days in County Jail, to be served on [sic] Dade County Work project of [sic] 60 days."

The Court executed a commitment order which shows Defendant's conviction and jail sentence. Defendant was, in open court, immediately remanded into the custody of the Metro-Dade Police, and a sworn arrest affidavit was executed indicating that Defendant was arrested in the courtroom upon the signing of the order of commitment by the trial judge. Later that day Defendant was ordered by the Department of Corrections to report for the work project. The Defendant did in fact complete his sentence on the work release program.

159

The majority opinion, reversing the trial judge, finds that "the statute calls for imprisonment, imprisonment, imprisonment, and not substitutes." It is interesting to note that the majority opinion fails to cite a single case as authority for its position, only Gertrude Stein. If literary citation is appropriate, reference to Oscar Wilde seems more apt, i.e. "Iron bars do not a prison made."

The majority has further ignored F.S. 951.24. That statutes specifically provides:

"Whenever punishment *by imprisonment* in the County jail is prescribed, the sentencing court, *in its discretion,* may at any time during the sentence consider granting the privilege to the prisoner to leave the confines of the jail or county facility . . . to work at paid employment . . ." See 2(a) *emp. added.*

The statute makes an exception in Sec 2(c) and *denies* work release privilege to any person convicted of sexual battery or any other sex offense. It does *not* make an exception for persons convicted of DUI.

The majority has also overlooked F.S. 944.02(5) and *Pumphrey v State,* 512 So.2d 1018 (Fla. 1st DCA 1987) wherein the court noted:

"The term prisoner is defined in section 944.02(5) as 'any person who is under arrest and in the lawful custody of any law enforcement official, or any person convicted and sentenced by any court and committed . . . to the custody of the department, as provided by law."

The defendant herein clearly falls within this definition, and were he not to have reported to this work release program, he would have been subject to arrest and prosecution for the 2d degree felony of escape.

If the legislature intended to remove those persons convicted of DUI from the clear meaning of F.S. 951.24, they could have added such an exclusion as was done with persons convicted of sex offenses.

The majority has also overlooked the definition of imprisonment found in *Black's Law Dictionary,* 5th Edition, (1979) at page 681:

"Imprisonment: . . . The restraint of a man's personal liberty; . . . It is not a necessary part of the definition that the confinement should be in a place usually appropriated to that purpose; it may be in a locality used only for the specific occasion; *or it may take place without the actual application of any physical agencies of restraint (such as locks or bar),* as by verbal compulsion and the display of available force. Every confinement of the person is an 'imprisonment', whether it be in a prison,or in a private hour, or even by forcibly detaining one in the public streets . . ." (Emp. added)

160

The second problem I have with the majority's position is that they have ignored the fact that the Defendant did in fact *complete the sentence imposed by the Court.*

When the State objected to the sentence, it did not seek a stay pending appeal. The majority opinion would require Defendant herein, through no fault of his own, to serve a *second* sentence for a *single* offense. Aside from this being constitutionally impermissible, it is inherently unfair.

If the majority felt that imprisonment meant imprisonment behind bars only, it could have recognized Defendant's having served his court-imposed sentence, and used its opinion as guidance to the trial judges in future cases only. By ignoring this fact they have imposed an unjust and unconstitutional penalty upon the Defendant herein.