IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANDREW ALEXIS RODRIGUEZ,

      Appellant,

 v.                         Case No.  5D16-2616

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 4, 2017

Appeal from the Circuit Court
for Volusia County,
Raul A. Zambrano, Judge.

Keith Peterson, of Law Offices of Peterson,
P.A., Mulberry, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

EVANDER, J.

Andrew Rodriguez appeals his convictions for escape and tampering with an electronic monitoring device.  We affirm, without discussion, Rodriguez's tampering conviction, but we reverse his conviction for escape.  Rodriguez's failure to return from his one-day pretrial furlough did not constitute escape as defined in section 944.40, Florida Statutes (2014).

Rodriguez was a prisoner in the Volusia County Branch Jail awaiting trial on several criminal charges. On October 2, 2014, the trial court granted his request for a furlough to attend his daughter's funeral. Several conditions were imposed as part of the furlough order. Rodriguez was required to wear a GPS monitor at all times and to submit a urine sample upon his return. He was permitted to "go to the funeral, the reception, spend time with family at homes, and that's it." He was prohibited from consuming alcohol or drugs and was required to return to the jail within twenty-four hours. On October 4, 2014, a pretrial services officer placed a functioning GPS monitoring device on Rodriguez's ankle, and Rodriguez was released from the jail. He was not accompanied by a law enforcement officer during his furlough.

Rodriguez failed to comply with the trial court's furlough order. He intentionally removed the GPS monitor the following day and failed to timely return to the jail. He was subsequently apprehended on October 6, 2014, after attempting to flee from pursuing officers.

Rodriguez was charged by information with escape and tampering with an electronic monitoring device. The escape count alleged that Rodriguez, "while a prisoner lawfully confined in, or while being transported to or from [a] Volusia County Branch Jail, did escape or attempt to escape from such confinement, contrary to Florida Statutes 944.40 and 951.24(4)." Rodriguez moved to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), arguing that because he was not confined while on furlough, he could not have committed an escape.

The State subsequently filed an amended information alleging the same two counts but changing the specifics of the escape charge. The amended information

alleged that Rodriguez, "while being a prisoner of the Volusia County Branch Jail out on furlough, did escape or attempt to escape from such confinement by failing to return to his place of confinement within the time prescribed, contrary to Florida Statutes 944.40 and 951.24(4)." Rodriguez's motion to dismiss was denied and the case proceeded to trial.

At trial, Rodriguez moved for judgment of acquittal after the State rested its case. He again argued that the facts did not support an escape conviction. The trial court denied the motion, and the jury found Rodriguez guilty as charged. He was sentenced to five years in prison on each count, to run consecutively. Rodriguez timely appealed.

Section 944.40 provides:

> Any prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution, whether operated by the state, a county, or a municipality, or operated under a contract with the state, a county, or a municipality, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree . . . . The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.

Because Rodriguez was not "confined in . . . jail," "working upon the public roads," or "being transported to or from a place of confinement," his conviction can only be upheld on a theory of extended confinement. The meaning of "confinement" for purposes of the escape statute has been extended by the legislature to include situations in which a prisoner is not physically present in prison or jail. Section 945.091, Florida Statutes (2014), authorizes the Department of Corrections to adopt rules "permitting the extension of the limits of the place of confinement" for "attending the funeral of a relative," among other events. Section 951.24, Florida Statutes (2014), extends the limits of confinement

3

for county prisoners to attend, *inter alia*, work-release, educational, and vocational training programs. However, these statutes are not helpful to the State because, by their express language, they only apply to prisoners who have been sentenced. §§ 945.091, 951.24, Fla. Stat. (2014); *see also Pumphrey v. State*, 527 So. 2d 1382, 1384 (Fla. 1988) ("Nor do the provisions of sections 945.091 and 951.24, Florida Statutes (1985), which extend the definition of confinement to cover furloughs and work release programs, apply. These sections pertain only to certain prisoners who have been *sentenced*.").

In *Johnson v. State*, 357 So. 2d 203 (Fla. 1st DCA 1978), our sister court utilized a theory of extended confinement to apply the escape statute to a prisoner who was not physically in jail or prison and who did not fit within one of the aforesaid statutory "extended confinement" provisions. There, Johnson had been arrested and taken to the county jail. *Id.* at 204. During the booking process he became ill and was escorted by police from the jail to the hospital, where he escaped. Johnson was later charged with escape. *Id.* He appealed his escape conviction, arguing that he did not escape from the confinement of the county jail. *Id.* The First District Court of Appeal affirmed, stating: "We do not believe the term 'confinement' [as used in section 944.40] is narrowly limited to the actual physical presence in the jail." *Id.* The court concluded that because Johnson had been "committed to the jail and was in the lawful custody of the jail," his confinement extended to the hospital from which he escaped. *Id.*

However, in *Pumphrey*, the Florida Supreme Court held that a pretrial detainee could not be convicted for escape under section 944.40 for failing to timely return to jail after being granted a furlough. *Pumphrey*, 527 So. 2d at 1384. Pumphrey was a jail inmate awaiting sentencing on felony charges. *Id.* at 1383. The trial court granted him a

4

twenty-four-hour furlough to gather firewood for his grandmother. *Id.* Pumphrey failed to timely return from his furlough and was later convicted of escape. *Id.* On appeal, Pumphrey argued that upon the granting of his furlough request, he was not a prisoner as defined in section 944.40, but rather a pretrial detainee released on his own recognizance for a limited period of time. *Pumphrey v. State*, 512 So. 2d 1018, 1019 (Fla. 1st DCA 1987). The First District Court of Appeal disagreed and, in reliance on *Johnson*, found that his confinement was "not limited to his actual presence in the Leon County Jail, but extended for a 24-hour period to include the area of his grandmother's house, from which he unlawfully escaped." *Id.* at 1020.

The Florida Supreme Court reversed. The court observed that although sections 945.091 and 951.24 extended the definition of confinement in certain circumstances, those sections pertained only to prisoners who had been sentenced. *Pumphrey*, 527 So. 2d at 1384. The court then concluded that Pumphrey's actions did not constitute escape because he was a pretrial detainee who had failed to appear following a pretrial release:

> Pumphrey did not escape when he failed to return from helping his grandmother. There was nothing for him to escape *from*. He did not escape from the physical presence of a policeman, or from the confines of a restricted environment, or from a sentence that had to be served. Pumphrey simply failed to appear following pretrial release, which is punishable under section 843.15, Florida Statutes (1985).[1]

---

[1] Section 843.15, Florida Statutes (2014), provides, in relevant part:

(1) Whoever, having been released pursuant to chapter 903, willfully fails to appear before any court or judicial officer as required shall incur a forfeiture of any security which was given or pledged for her or his release and, in addition, shall:

(a) If she or he was released in connection with a charge of felony or while awaiting sentencing or pending review by

5

*Id.* The court further found that *Johnson* was distinguishable on three points. First, Johnson was released from the jail "informally" without a court order. Second, when he left jail, Johnson was escorted by a police officer. *Id.* Third, Johnson escaped from a restrictive environment—a hospital. *Id.* Here, it is undisputed that Rodriguez, like Pumphrey, was released from jail pursuant to a court order and was not escorted by a law enforcement officer. The trial court concluded that *Pumphrey* was distinguishable because Rodriguez was "confined" by: 1) the use of a GPS monitoring device; and 2) the trial court's instructions that Rodriguez was only permitted to "go to the funeral, the reception, spend time with family at homes, and that's it." However, the restrictions placed on Rodriguez do not change the fact that like Pumphrey, Rodriguez was not a prisoner "confined in jail," but rather a pretrial detainee who "failed to appear following pretrial release."

The power to penalize certain acts is within the province of the legislature, not the courts. *Baker v. State*, 636 So. 2d 1342, 1344 (Fla. 1994). Although the legislature has expressly provided in section 945.091 that the failure to timely return from a furlough by a Department of Corrections prisoner could support a conviction for escape under section

---

certiorari after conviction of any offense, be guilty of a felony of the third degree, . . . .

(Although the supreme court suggested that Pumphrey could be charged under section 843.15, the statute only expressly references failure to appear "before any court or judicial officer.") We also observe that courts are authorized to utilize criminal contempt proceedings to vindicate the authority of the court or to punish for an intentional violation of an order of the court. *See Bowen v. Bowen*, 471 So. 2d 1274, 1277 (Fla. 1985).

944.40, it has not enacted a similar statute for pretrial detainees. Accordingly, on remand, we direct the trial court to vacate Rodriguez's conviction for escape.

AFFIRMED, in part; REVERSED, in part; and REMANDED.


COHEN, C.J. and TORPY, J., concur.