490 So.2d 1363 (1986)
STATE of Florida, Appellant,
v.
Thomas Dale ATKINSON, Appellee.
No. 85-1942.
District Court of Appeal of Florida, Fifth District.
July 10, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Jim Easley, Asst. Atty. Gen., Daytona Beach, for appellant.
Garrick N. Fox of Fox and Brewer, P.A., Orlando, for appellee.
COBB, Judge.
Appellee, Thomas Dale Atkinson, was charged with tampering with a witness in violation of section 914.22(1), Florida Statutes (Supp. 1984). Specifically, the information charged that Atkinson did:
Knowingly use intimidation or physical force or threaten another person, or attempted *1364 to do so with intent to cause or induce EDWIN E. ELMORE to withhold testimony, or withhold a record, document, or other object, from an official proceeding.
The defense moved to dismiss, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), on the basis that the filed depositions indicated that, while Atkinson did strike Elmore in the face, no verbal threats were directed to Elmore. It was conceded that, at the time of the incident, Elmore was a state's witness in a case pending against Atkinson.
In response, the state filed a traverse, stating:
1. During a deposition of the witness Edwin Elmore... the witness stated that:
a. The defendant approached the witness' car;
b. Without provocation, the defendant struck the victim/witness, Edwin Elmore, in the face;
c. The defendant said something to the passenger in the car of the victim/witness;
d. The defendant, in a hostile manner, ordered the victim/witness, Elmore, from the car;
e. The defendant kicked the victim/witness' car several times;
f. The victim/witness and the defendant, at that point, exchanged angry words with each other with the defendant ordering the victim/witness, Elmore, from the car to "settle the matter."
2. The victim/witness, Edwin Elmore, was a state's witness in a pending case ... in which he was to testify against the defendant;
3. At the time of the incident, the defendant was aware that Edwin Elmore was a state's witness and might be called to testify against him;
4. According to the sworn deposition of Robert Noble:
a. The defendant was abusive, both physically and verbally, to Edwin Elmore;
b. The defendant threatened Robert Noble about testifying to the aforementioned battery and intimidation of Edwin Elmore.
The trial court granted the motion to dismiss, and this appeal ensued.
Section 914.22(1), Florida Statutes (Supp. 1984), provides:
(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to:
(a) Influence the testimony of any person in an official proceeding; or
(b) Cause or induce any person to:
1. Withhold testimony, or withhold a record, document, or other object, from an official proceeding;
2. Alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;
3. Evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding;
4. Be absent from an official proceeding to which such person has been summoned by legal process; or
5. Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding;
is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The information tracks this statute. Specifically, it charges Atkinson with knowingly using intimidation or physical force or threatening Elmore with the intent to cause or induce Elmore to withhold testimony from an official proceeding. There is no direct evidence that Atkinson hit Elmore with the specific intent to induce Elmore to withhold testimony. However, the traverse *1365 shows that Atkinson struck Elmore and that at the time he knew Elmore was to be a witness against him in an official proceeding.
In ruling on a 3.190(c)(4) motion to dismiss, the trial judge must look only to the prima facie sufficiency of the alleged facts; the trial judge may not evaluate the evidence. State v. Milton, 488 So.2d 878 (Fla. 1st DCA 1986); State v. Sheppard, 401 So.2d 944 (Fla. 5th DCA 1981). Generally, the intent of the defendant is not an issue for determination on a motion to dismiss. See State v. Hricik, 445 So.2d 1119 (Fla. 2d DCA 1984); State v. Gonzalez, 433 So.2d 646 (Fla. 2d DCA 1983); State v. Alexander, 406 So.2d 1192 (Fla. 4th DCA 1981). Atkinson contends that in the present case, because there was no direct evidence of intent, the trial court was correct in granting his motion to dismiss.
The state, in its traverse, alleged that after Atkinson struck Elmore he ordered Elmore from the car to "settle the matter." Although it is not clear what "the matter" means, viewed in the light most favorable to the state, this could refer to the fact that Elmore was going to testify against Atkinson. Atkinson's actions could thus be read as an intentional threat to Elmore that Atkinson would "settle the matter" with his fists rather than in court, implying that Elmore should not testify. Although this is circumstantial evidence, it is sufficient to establish a prima facie case as to intent.[1]
REVERSED and REMANDED for further proceedings.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Intent is often inferred from circumstantial evidence. See State v. Alexander, supra; State v. Rogers, 386 So.2d 278 (Fla. 2d DCA), review denied, 392 So.2d 1378 (Fla. 1980).