536 So.2d 1045 (1988)
David Michael JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1973.
District Court of Appeal of Florida, First District.
July 20, 1988.
In Motion for Rehearing December 8, 1988.
John D. Middleton, Melrose, for appellant.
Robert A. Butterworth, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
AFFIRMED.
SMITH, C.J., and WENTWORTH and WIGGINTON, JJ., concur.

ON MOTION FOR REHEARING
SMITH, Chief Judge.
Appellant David Johnson has filed a motion for rehearing in which he urges that his conviction for escape under Section 944.40, Florida Statutes (1985), must be overturned in light of Pumphrey v. State, 527 So.2d 1382 (Fla. 1988). We do not believe this recent decision requires us to withdraw our per curiam affirmance of the appellant's conviction.
Johnson was convicted of DUI and escape. He had been driving on I-10 when he was stopped by a state trooper who observed Johnson's car speeding and weaving in and out of its lane of travel, thus indicating that Johnson was driving while intoxicated. After placing Johnson under arrest, the officer attempted to handcuff him. Johnson resisted and a scuffle ensued. At this point, Johnson's companion exited Johnson's vehicle, brandished a gun, and fired in the officer's direction. The companion shot the windshield and lights out of the patrol car before fleeing in Johnson's vehicle. The officer attempted to place Johnson in handcuffs again, but Johnson continued to resist. The officer then instructed Johnson to wait for another patrol car while the officer pursued the fleeing companion. Johnson was not at the scene of his arrest when the officers arrived, but was discovered several hours later walking in a field near the interstate. Johnson argued on appeal that his conduct could not support a conviction for escape. We disagreed and affirmed the conviction without an opinion.
The Florida Supreme Court has recently overturned this court's decision in Pumphrey v. State, 512 So.2d 1018 (Fla. 1st DCA 1987) (Pumphrey I), which construed the escape statute Johnson was charged with violating. In Pumphrey I, this court affirmed a conviction for escape *1046 when the defendant failed to return from a 24-hour furlough that was granted to him by the trial court. On review, the Supreme Court held that the failure to return was not an escape because, in short, there was "nothing for him to escape from." 527 So.2d at 1384. We do not believe the reversal of Pumphrey affects our decision in the instant case because of the law which remains intact.
In Pumphrey II, the Supreme Court distinguished that case from Johnson v. State, 357 So.2d 203 (Fla. 1st DCA 1978), cert. denied, 362 So.2d 1054 (Fla. 1978), and State v. Ramsey, 475 So.2d 671 (Fla. 1985), both of which also construed the escape statute. In Johnson, the defendant had become ill during his booking and was taken to a local hospital. The defendant escaped while at the hospital and was subsequently convicted of violating the escape statute. In Ramsey, an escape conviction was upheld where a suspect who had been arrested refused to place his hands on a car and ran away. Like the defendant in Ramsey, the appellant in the instant case had been placed under arrest, but he refused to comply with the instructions of his arresting officer. The appellant was not in any sense formally released from custody. While it is true that the appellant did not escape from a physically restricted facility like a hospital or jail, his freedom of movement was nonetheless restricted. In Ramsey, the Supreme Court quoted, with approval, Judge Orfinger's special concurrence in State v. Iafornaro, 447 So.2d 961, 962-3 (Fla. 5th DCA 1984), where it was stated:
Even though not yet physically restrained, one who has been placed under arrest has had his liberty restrained in that he is not free to leave. His confinement has thus begun and if he escapes from lawful custody, he may be properly charged with escape.
475 So.2d at 672.
At first blush, Pumphrey II appears to be suggesting that two conditions are required to support a charge of escape: custody and confinement. However, we believe the continuing validity of State v. Ramsey means that the escape statute encompasses situations in which a person unlawfully violates a restriction placed on his freedom of movement by the police. The defendant in Pumphrey I was not placed under such a restriction whereas the defendants in Johnson and Ramsey, as well as the appellant in the instant case, were in fact so restricted.
Accordingly, we believe the conviction for escape should stand and the motion for rehearing is therefore denied.
WENTWORTH and WIGGINTON, JJ., concur.