DAUKSCH, Judge.
This is an appeal from a conviction for murder in the first degree and other crimes.
Appellant urges that he is not guilty of murder one because his felony murder conviction was improperly based upon an allegation that he was engaged in the crime of escape at the time he was involved in a fatal automobile collision. Appellant was in possession of a stolen car and was placed under arrest by a policeman and was about to be handcuffed when he broke and ran. In the process of running appellant took another vehicle and tried to elude the many policemen now chasing him. Tragically, appellant collided with a police car and killed the policeman in the car.
Appellant was then put under control and taken into custody, in which he remains. The statute which defines escape, and which elevates appellant’s homicide offense to the highest level is section 944.40.
944.40 Escape; penalty. — Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
Appellant’s argument is that he was not a prisoner confined in a prison or jail, etc., and that he was not actually being transported, but was in the process of being arrested and handcuffed. He says that *1298 while he is guilty of resisting arrest[1] and guilty of fleeing and eluding,[2] he did not violate the escape statute; he was never really in custody so he cannot be deemed to have escaped confinement; he was not in custody so he could not have been “being transported.” Appellant properly concedes his case is governed by State v. Ramsey, 475 So.2d 671 (Fla.1985). While this court has agreed with appellant’s analysis of the escape statute we are bound to follow the Ramsey decision which is contrary to appellant’s position. Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
Appellant has raised an argument that his lawyer should have requested certain lesser-included offense instructions and has filed letters from jurors expressing regrets concerning their verdict, the law and their instructions on the law by the court. Rule 3.850, Florida Rules of Criminal Procedure and other procedures for collateral relief may be used to present appellant’s post-trial attacks on the judgment, not this appeal from the judgment.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.

. §§ 843.01 and 843.02, Fla.Stat. (1987).

. § 316.1935, Fla.Stat. (1987).