623 So.2d 800 (1993)
Michael BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0718.
District Court of Appeal of Florida, Fourth District.
August 25, 1993.
Richard L. Jorandby, Public Defender, and David McPherrin and Mallorye Cunningham, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the motion, withdraw our earlier opinion and substitute the following.
The state originally charged appellant by information with three counts of aggravated assault with a firearm and one count of escape. *801 Prior to trial the state nolle prossed two of the assault counts. Appellant having been convicted of one count of aggravated assault with a firearm and of escape does not challenge the former. He seeks reversal of his conviction for escape and claims error in his sentencing. We agree, reverse the conviction for escape and remand for resentencing.
At trial, Officer Anthony Jones testified that on June 5, 1991, at approximately 3:30 a.m., he received a complaint from two unidentified women. The women identified appellant as the person involved in their complaint. As appellant passed by the scene, Jones asked him "to stop and come back to him." When appellant kept walking, Jones followed behind him and repeatedly asked him to stop. As Jones got closer, appellant began to run and pulled a small handgun from his waistband. Appellant ignored Jones' requests to stop and place the gun on the ground. As Jones was pursuing appellant over a fence, appellant turned around and fired a shot. Jones lost sight of appellant when he took cover behind a satellite dish.
Officer John Minton, who was in the area of the pursuit, observed appellant between two houses. As he shined his spotlight in appellant's direction, appellant "took off." Minton eventually realized that appellant might be hiding in one of the large garbage cans located alongside some houses. When he removed the cover of the first can, he located appellant hiding inside. Minton "backed off real quick" and drew his revolver. Minton asked appellant to step out of the can, turn around, and lie face down on the ground. Appellant stepped out of the can, turned around, and once again took off running.
Upon hearing on the radio that appellant was headed toward a school, Officer Jones positioned his vehicle to the side of the school gymnasium in the hope that appellant would run past him in order to gain access to the street. As appellant ran toward him, Jones tackled appellant and placed him under arrest. While appellant did have bullets in his pocket at the time of arrest, police never recovered the handgun.
After the jury found appellant guilty as charged, the trial court adjudicated him accordingly and sentenced him to three years imprisonment (for aggravated assault with a firearm) to be followed by three years probation (for escape). The instant appeal followed.
Appellant contends that the trial court erred in denying his motion for judgment of acquittal upon the charge of escape because the state's evidence was insufficient to sustain a conviction for that offense. The statutory definition of escape is found in chapter 944, Florida Statutes (1991) ("The Florida Corrections Code of 1957"). Section 944.40, Florida Statutes (1991), under which appellant was convicted, provides as follows:

Any prisoner confined in any prison, jail, road camp, or other penal institution, state county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
(Emphasis added). Section 944.02(5), Florida Statutes (1991), defines "prisoner" as:

[A]ny person who is under arrest and in the lawful custody of any law enforcement official, or any person convicted and sentenced by any court and committed to any municipal or county jail or state prison, prison farm, or penitentiary, or to the custody of the department, as provided by law.
(Emphasis added.)
In State v. Ramsey, 475 So.2d 671 (Fla. 1985), the defendant appealed his conviction for escape, alleging that the legislature did not, by this statute, intend to punish the conduct of fleeing from an arresting officer. The defendant had been stopped for several traffic infractions. While making a routine computer check, the officer learned of two outstanding capiases against the defendant. He then placed the defendant under arrest *802 and instructed him to put his hands on the trunk of the patrol car. The defendant turned around and fled from the scene. The defendant had not been restrained and the officer had not yet removed his handcuffs from their carrying case.
In affirming the defendant's conviction, the Ramsey court held that for a conviction under the escape statute, the state need show only (1) a right to legal custody, and (2) a conscious and intentional act of the defendant in leaving the established area of such custody. Id. at 672 (quoting State v. Akers, 367 So.2d 700 (Fla. 2d DCA 1979)). The court reasoned that both a literal interpretation of the words of the statute and the legislative intent lead to the conclusion that one who meets the definition of prisoner is being transported to a place of confinement at the point in time when he becomes a prisoner, i.e., when he is placed under arrest. Id. at 672-73.
The state argues that it did present sufficient evidence from which the jury could determine that appellant was in custody at the time of his escape. While appellant was never informed that he was under arrest nor physically restrained in any way, the state apparently argues that the instant facts constitute a "de facto" arrest. The state relies on Johnson v. State, 536 So.2d 1045 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1333 (Fla. 1989), where the court stated that the continuing validity of Ramsey "means that the escape statute encompasses situations in which a person unlawfully violates a restriction placed on his freedom of movement by the police." Although the language in Johnson seems to support the state's position, the defendant there had formally been placed under arrest for driving under the influence.
While the escape statute appears on its face only to apply to prisoners in transit, Ramsey holds that a conviction for escape must be sustained when a suspect flees after being placed under arrest. Pursuant to chapter 944, Florida Statutes, a person is a "prisoner" when he is under arrest and in the lawful custody of any law enforcement official. While the instant facts would support a finding of probable cause to arrest, such a finding is not dispositive. "For there to be an escape, there must first be a valid arrest." Kyser v. State, 533 So.2d 285, 287 (Fla. 1988) (emphasis added).
[A]n arrest involves the following elements: (1) A purpose or intention to effect an arrest under a real or pretended authority; (2) An actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested; (3) A communication by the arresting officer to the person whose arrest is sought, of an intention or purpose then and there to effect an arrest; and (4) An understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.
Id. (quoting Melton v. State, 75 So.2d 291, 294 (Fla. 1954)).
In the instant case, the evidence failed conclusively to demonstrate that there had been an arrest. When Officer Minton ordered appellant out of the garbage can, he admittedly never communicated his intention to place appellant under arrest. Appellant easily evaded Minton and was able to flee unscathed. The record is silent as to whether Minton actually pointed his revolver at appellant. Furthermore, appellant testified that he did not believe that he was in fact under arrest at that time. Consequently, the instant facts do not meet all of the elements of a valid arrest as set forth in Kyser.
Appellant contends, and the state concedes, that the trial court erred in sentencing him without utilizing a guidelines scoresheet. The trial court's error in failing to utilize a sentencing scoresheet requires resentencing because without the scoresheet, this court cannot determine whether the sentence is illegal as an unauthorized departure. Lamb v. State, 532 So.2d 1051 (Fla. 1988). Accordingly, we vacate appellant's sentence and remand with direction that the trial court utilize a guidelines scoresheet upon resentencing.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
GUNTHER, J., concurs in part and dissents in part with opinion.
*803 GUNTHER, Judge, concurring in part and dissenting in part.
I concur with that portion of the majority opinion holding that appellant's sentence must be vacated and the case remanded with direction to the trial court to utilize a guidelines scoresheet upon resentencing.
However, I respectfully disagree with the majority's conclusion that the conviction for escape should be reversed. As the late Judge Letts wrote in the original opinion in this case:
If a defendant, while running away, shoots at a policeman, hides in a garbage can and is ordered, at gunpoint, by the policeman to get out of the garbage can and lie face down on the ground, my version of common sense tells me the defendant has been placed under arrest and well he knows it. Certain formalities and magic words may not be present but the message is plain. See State v. Ramsey, 475 So.2d 671 (Fla. 1985). The state has shown a right to legal custody and a conscious and intentional act by the defendant to leave the established area of that custody.
Brown v. State, 18 Fla. L. Weekly D1231, D1233 (Fla. 4th DCA May 12, 1993) (Letts, J., specially concurring). Likewise, my version of common sense tells me the defendant in this case had been placed under arrest and he well knew it. Accordingly, I would affirm the conviction for escape.