805 So.2d 102 (2002)
Deverious A. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4028.
District Court of Appeal of Florida, Fourth District.
January 23, 2002.
*103 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Thomas' conviction on the charge of escape.
Thomas asserts that the trial court erred in denying his motion for judgment of acquittal in a non-jury trial. He argues that the state failed to prove that he was arrested and in custody at the time he fled from the custody of a deputy sheriff.
Taking the evidence in a light most favorable to the state, the record reflects that Deputy Boorman, while in uniform and driving his marked car, encountered Thomas. Boorman, who knew that Thomas' license was suspended, spotted Thomas driving a car. Boorman rolled down the window of his patrol car and directed Thomas to pull his car over. He then informed Thomas that he was under arrest.
Thomas, complying with the order, pulled his car into a driveway outside his aunt's home and exited the car. He then asked Deputy Boorman for permission to go inside his aunt's home to tell his aunt he was going to jail. In response, Boorman warned Thomas that if he did not return, he would be charged with escape. Thomas did not return, but subsequently turned himself in at the sheriffs office.
Thomas argues that judgment of acquittal was warranted because there was no testimony as to what happened between the time he went into his aunt's home and when he surrendered. The state's only evidence is that Thomas did not return.
After the court found Thomas guilty of escape, the state dismissed its alternate charge of resisting arrest without violence. Thomas was also convicted of driving with a suspended license.
*104 We conclude that the trial court's ruling was supported by the record. Section 944.40, Florida Statutes (1999), provides that:
Any prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution, whether operated by the state, a county, or a municipality,... or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The defense does not dispute that a person "who is under arrest and in the lawful custody of any law enforcement official" qualifies as a "prisoner." § 944.02(5), Fla. Stat. (1999). The defense simply argues that Thomas was not under arrest at the time of his alleged escape.
In order to prove the crime of escape, there must first be a valid arrest. Kyser v. State, 533 So.2d 285, 287 (Fla. 1988). A valid arrest consists of the following four factors enumerated by the supreme court:
(1) A purpose or intention to effect an arrest under a real or pretended authority;
(2) An actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested;
(3) A communication by the arresting officer to the person whose arrest is sought, of an intention or purpose then and there to effect an arrest; and
(4) An understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.
Id. at 287.
Here, there is evidence as to all of these elements. Patently, Boorman intended to arrest Thomas, as he communicated that intention to Thomas when he said "you're under arrest." Further, Thomas understood Boorman meant to detain him and acquiesced to that authority when he pulled over and submitted to Boorman's authority by requesting his permission to go into the house for a specified purpose. Accepting these facts as true, we conclude that there was a constructive seizure or detention before Thomas entered his aunt's house.
The supreme court, in State v. Ramsey, 475 So.2d 671, 672 (Fla.1985), recognized that section 944.40 applies where a defendant escapes from custody after being arrested. In Ramsey, the defendant was stopped for a traffic infraction and informed that he was under arrest. Ramsey was told to place his hands on the trunk of the patrol car. Before the deputy could handcuff him, Ramsey turned around, said, "No way," and ran from the scene. The Ramsey court recognized that although the escape statute appears only to apply only to prisoners in transit, the statute is broad enough to encompass circumstances where the defendant flees after being placed under arrest. Id. at 672.
We note that the test to determine whether a valid arrest was conducted is whether a reasonable person in similar circumstances would believe they were under arrest. Sweeney v. State, 633 So.2d 66, 68 (Fla. 4th DCA 1994). In Sweeney, this court affirmed the defendant's conviction for escape even though the officer had not expressly articulated his intent to arrest the defendant. This court concluded that actions could also be used to manifest an intent to arrest and, as such, a constructive detention was effected when the officer physically touched Sweeney before Sweeney fled. Id.
*105 We recognize that for purposes of a constructive detention, an officer's "show of authority," alone, is not enough to effect the seizure of a person. See California v. Hodari D., 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). Here, Deputy Boorman never physically touched Thomas. However, the deputy did communicate his intent to effect an arrest and had the ability to do so. Further, Thomas understood this communication and effectively acknowledged he was under arrest.
Brown v. State, 623 So.2d 800 (Fla. 4th DCA 1993), is distinguishable. In Brown, the officer, while interviewing witnesses who identified the defendant as the perpetrator of a crime, saw the defendant walk by and asked that he "stop and come back" to him. Brown ignored this request and as he began to run, removed a handgun from his waistband and fired a shot at the officer who was pursuing him. He was located and another chase ensued, resulting in his capture. There, we held that an arrest had not been effectuated. Id. at 802. We distinguished Johnson v. State, 536 So.2d 1045 (Fla. 1st DCA 1988), and found Ramsey inapplicable, because, in Brown, the defendant was not actually under arrest before he ran off. In Johnson, an officer attempted to seize the defendant when someone else fired shots at him. The officer elected to pursue the shooter before securing the defendant, but directed the defendant to remain there until the officer returned to take him into custody. 536 So.2d at 1045. When another officer arrived to take the defendant into custody, he had already left the scene. Id.
Pumphrey v. State, 527 So.2d 1382 (Fla. 1988), is also distinguishable. There, the supreme court determined that an incarcerated defendant on a 24-hour furlough from which he did not return, was not a prisoner for purposes of section 944.40, Florida Statutes, because he had been formally released from jail. We note that in Pumphrey, the court placed great emphasis on the fact that Pumphrey, pre-trial, had been formally released from jail, that Pumphrey had not been escorted by a policeman when he left jail, and that the trial court had not verbally pronounced to Pumphrey that he was restricted within the confines of his grandmother's house for the duration of his furlough; rather, "his freedom of movement was unrestricted." Id. at 1384. Further, the court in Pumphrey clearly recognized a distinction between formally granting a defendant unrestricted freedom of movement and circumstances where a defendant is released to a restricted location, such as in Johnson v. State, 357 So.2d 203 (Fla. 1st DCA 1978), where the defendant ran off from a hospital after being escorted by an officer to the emergency room.
Here, there is substantial evidence that the officer had probable cause, formally placed Thomas under arrest, Thomas understood and submitted to the arrest by acquiescing and asking permission to enter the house for a restricted and limited purpose, and that the deputy's leave was given for that limited purpose.
As the state introduced sufficient evidence that Thomas had been placed under arrest and absconded, the judgment is affirmed.
KLEIN and SHAHOOD, JJ., concur.