STONE, J.
Clark was convicted and sentenced for both escape and resisting arrest without violence. The state relied on the same conduct to support both counts. We conclude that the conviction for resisting arrest without violence is not a violation of the double jeopardy clauses of the Florida and United States Constitutions, and affirm.
The record reflects that a deputy sheriff found Clark sitting in a parked vehicle and advised him that he was under arrest on an outstanding warrant. The deputy ordered Clark to step out of the car. Twice, the deputy explained that he had a warrant for Clark’s arrest, advising him not to attempt to flee. As Clark turned and began moving away, the deputy first tried to grab him, and then, with pepper spray, to stop him, to no avail. Clark was soon apprehended.
*636 Despite Clark’s failure to argue this double jeopardy claim in the trial court, we must review the issue on appeal and determine whether each offense has an element that the other does not, Desire v. State, 829 So.2d 948, 950 (Fla. 4th DCA 2002); Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); or determine whether it falls within an exception pursuant to section 775.021(4)(b), Florida Statutes. Section 775.021(4)(a) mandates that we resolve the double jeopardy issue comparing the statutory elements of the crimes. See Gibbs v. State, 698 So.2d 1206, 1208 (Fla.1997). Under this test, a defendant may be convicted of multiple crimes for the same conduct, as the offenses are treated separately based on an elements analysis, regardless of pleadings or proof. State v. Cohen, 696 So.2d 435 (Fla. 4th DCA 1997). Section 775.021(4)(b) explicitly recognizes a policy favoring convictions for each separate offense committed except where the offenses “require identical elements of proof,” are “degrees of the same offense,” or are lesser offenses, the elements of which are subsumed by the greater offense. Id.
In this case, the offenses are not degrees of the same crime; resisting without violence is not a lesser-included category of escape, and the two offenses do not require identical elements of proof. Section 944.40, Florida Statutes, governing escape, covers multiple circumstances in which a prisoner, in lawful custody, including transport to a place of confinement, escapes, or attempts to escape by intending to avoid lawful confinement. Id. A prisoner is defined as a person under arrest and in lawful custody of a law enforcement official. See § 944.02(b), Fla. Stat. (2002). A prisoner is under a valid arrest where there is:
(1) A purpose or intention to effect an arrest under a real or pretended authority;
(2) An actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested;
(3) A communication by the arresting officer to the person then and there to effect an arrest; and
(4) An understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.
Thomas v. State, 805 So.2d 102, 104 (Fla. 4th DCA 2002)(citing Kyser v. State, 533 So.2d 285, 287 (Fla.1988)).
Here, there was evidence from which the jury could conclude that Clark was under arrest and that his confinement had begun, and that he had the requisite knowledge and understanding, allowing him to be convicted of escape. See State v. Ramsey, 475 So.2d 671 (Fla.1985); Thomas; Johnson v. State, 536 So.2d 1045, 1046 (Fla. 1st DCA 1988).
Resisting arrest without violence is governed by section 843.02, Florida Statutes, which requires the defendant to resist, obstruct, or oppose an officer in the lawful execution of a legal duty, without offering or doing violence.
Clark asserts that, on their face, the resisting charge is “subsumed within” the escape charge because escape will always include resisting, obstructing, or opposing those confining or transporting the defendant. We do not agree.
In Applewhite v. State, 874 So.2d 1276 (Fla. 5th DCA 2004), the Fifth District recognized that a defendant charged with escape is not entitled to an instruction on resisting without violence as a lesser-included offense. Resisting without violence requires proof of resisting, obstructing, or *637 opposing a law enforcement officer performing a legal duty, while escape requires proof that the defendant be under arrest and in lawful custody while being transported to or from a place of confinement, and that he escaped or attempted to escape. The court noted that the standard jury instruction for escape does not identify any lesser-included offense and it is not a necessarily lesser-included offense because a defendant “can commit a crime of escape without resisting, obstructing, or opposing an officer.” To be a permissive lesser included offense, the information must specifically allege all of the statutory elements of the proposed lesser offense.
Here, as in Applewhite, resisting is neither a necessarily included offense or a permissive lesser included offense of escape. In any event, even if resisting may be considered a permissive lesser of escape under some circumstances, it would not be considered a lesser offense for the purpose of applying section 775.021(4)(b). Recently, the Florida Supreme Court, in State v. Florida, 894 So.2d 941 (Fla.2005), held that convictions for attempted second-degree murder with a firearm and for aggravated battery on a law enforcement officer for the same conduct do not constitute double jeopardy, as they do not violate the Blockburger test and do not fall within one of the three statutory exceptions. The court determined that the exception for lesser offenses under the statute “applies only to necessarily lesser-included offenses listed in category 1 of the schedule of lesser-included offenses.... ” The court, in Florida, recognized that, although aggravated battery is a listed category 2 lesser of attempted second-degree murder, there is no double jeopardy, as under the Block-burger and statutory standard, the exception for lesser-included offenses applies only to “those in which the elements of the lesser offense are ahvays subsumed within the greater.... ” Therefore, as the statutory exception applies only to necessarily lesser-included offenses listed as category 1 lessers, then a permissive lesser offense is not subsumed within the greater offense.
We, therefore, conclude that escape and resisting without violence, although arising out of the same acts, are separate offenses, as (1) they do not require identical elements of proof, (2) are not degrees of the same crime, and (3) resisting without violence is not subsumed within the escape offense.
To adopt Clark’s reasoning, we would have to apply the “same conduct/subsumed within” analysis of Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).[1] This reasoning, however, was rejected in United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), in which the Supreme Court overruled Grady by recognizing that a “same conduct” test is inconsistent with Block-burger.
As to all other issues, we find no reversible error or abuse of discretion. Therefore, Clark’s convictions for resisting arrest without violence and for escape are affirmed.
FARMER, C.J. and TAYLOR, J., concur.

. Although Clark cites to Dixon and not Grady for his "subsumed within" analysis, the argument is essentially the rejected Grady analysis.