STEVENSON, J.
Trond Johnson was tried by jury and convicted of resisting an officer with violence. In this appeal, Johnson challenges his conviction, arguing the evidence at trial failed to establish that the resistance took place during either an arrest or a lawful detention and thus his conviction cannot stand. We find merit in Johnson’s argument.
Section 843.01, Florida Statutes (2006), makes it a crime for a person to “knowingly and willfully resist[ ], obstruct! ], or oppose! ] any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer.” On June 30, 3006, the date of the alleged offense, section 776.051(1), Florida Statutes (2006),[1] provided that “[a] person is not justified in the use of force to resist an arrest by a law enforcement officer.” (emphasis added). Consequently, at the relevant time, Florida law provided that if a defendant was charged with resisting an officer and the “legal duty” at issue was an arrest, then the State need not prove that the arrest was lawful. See Tillman v. State, 934 So.2d 1263 (Fla.2006). When the “legal duty” at issue was something other than an arrest, i.e., an investigatory stop or detention, however, the State was required to establish the legality of the stop or detention to convict the defendant of resisting an officer pursuant to section 843.01. Id.
Johnson’s encounter with police was not prompted by any report of, or observation that, he was engaged in criminal activity. Rather, the evidence at trial demonstrated that police bumped into Johnson in a rooming house. One of the officers observed rolling papers in Johnson’s pocket and, based upon that observation, stopped Johnson and asked him if he had anything else on him. Johnson responded by turning away and putting his hands in his pocket. The officer instructed the defendant to remove his hands from his pocket and to put his hands up against the wall. Johnson complied, but his left fist was closed. The officer could not see what was in Johnson’s hand and ordered Johnson to open up his fist and let whatever it was fall to the ground. The defendant attempted to put the item in his mouth and, in turn, the officer attempted to knock it away. Johnson pushed the officer and the officer took the defendant to the ground. There was a brief struggle *1230 and evidence that, during the struggle, the defendant struck a second officer. The whole incident was very brief, taking only minutes. There was no evidence that, during the encounter and struggle, police verbally advised Johnson that he was under arrest. We hold that such evidence was insufficient to establish either a lawful detention or an arrest.
" “A consensual encounter becomes an investigatory stop ‘if, under the circumstances, a reasonable person would conclude that he or she is not free to end the encounter and depart.’ ” Williams v. State, 874 So.2d 45, 47 (Fla. 4th DCA 2004) (quoting Popple v. State, 626 So.2d 185, 188 (Fla.1993)). Certainly, after police ordered Johnson to remove his hands from his pocket and place them on the wall, and then to open his closed fist, Johnson was “stopped.” See, e.g., Delorenzo v. State, 921 So.2d 873, 876 (Fla. 4th DCA 2006) (“Ordering an individual to take his hand out of his pocket ordinarily turns a consensual encounter into a stop.”); Johnson v. State, 610 So.2d 581 (Fla. 1st DCA 1992) (finding that defendant was stopped where officer observed cash in one of defendant’s hands and small, unidentified object in other, defendant quickly put small, round object in his pocket, and officer ordered defendant to remove hand from his pocket and turn around). An investigatory stop must be supported by a “reasonable suspicion.” See § 901.151(2), Fla. Stat. (2007); see also Gray v. State, 981 So.2d 562, 564-65 (Fla. 4th DCA 2008). Here, prior to ordering Johnson to remove his hands from his pockets, place them on the wall, and open his closed fist, police knew only that Johnson had rolling papers in his pocket and appeared nervous. Such facts are insufficient to give rise to a reasonable suspicion of criminal activity.
There is an “arrest” when the following elements are present: “(1) [a] purpose or intention to effect an arrest under a real or pretended authority; (2)[a]n actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested; (3)[a] communication by the arresting officer to the person whose arrest is sought, of an intention or purpose then and there to effect an arrest; and (4)[a]n understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.” Brown v. State, 623 So.2d 800, 802 (Fla. 4th DCA 1993) (quoting Kyser v. State, 533 So.2d 285, 287 (Fla.1988)); see also C.B. v. State, 979 So.2d 391, 393-94 (Fla. 2d DCA 2008) (applying this “technical” definition of an “arrest” to the analysis required by Tillman). The evidence here failed to establish that, at the time of the alleged resistance, Johnson understood that he was being arrested. The encounter between Johnson and police was very brief and rapidly escalated into a fight or struggle and there was no evidence that, prior to or during such struggle, police told Johnson that he was under arrest.
As the State’s evidence failed to establish that the alleged resistance took place during either a lawful detention or an arrest, we reverse Johnson’s conviction.

Reversed and Remanded.

WARNER and MAY, JJ., concur.

. Effective July 1, 2008, the legislature amended section 776.051. The statute now provides that “[a] person is not justified in the use of force to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.” See Ch. 2008-67, §§ 1-2, at 930-31, Laws of Fla.