*861
 
 EVANDER, J.
 

 Justin McKinnon appeals his conviction for escape. The sole issue on appeal is whether the State presented sufficient evidence to survive McKinnon’s motion for judgment of acquittal. We affirm.
 

 Taken in the light most favorable to the State, the evidence reflects that Deputy Hernandez saw McKinnon through an open door to his apartment and asked him to step outside so that she could talk to him. McKinnon complied and Deputy Hernandez then advised McKinnon that she had a warrant for his arrest and ordered him to “turn around and put [his] hands behind [his] back.” McKinnon also complied with this request; however, when the deputy began to place the handcuffs on McKinnon, he “took off running.” McKin-non was apprehended shortly thereafter and subsequently charged with a violation of section 944.40, Florida Statutes (2006), which provides in relevant part:
 

 Any prisoner ... being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree....
 

 Our supreme court has determined that “transporting to a place of confinement” begins at the time a suspect is placed under arrest.
 
 State v. Ramsey,
 
 475 So.2d 671, 672 (Fla.1985). Thus, in order to establish a
 
 prima facia
 
 case of escape, there must first be a valid arrest.
 
 Kyser v. State,
 
 533 So.2d 285, 287 (Fla.1988). McKinnon contends that no valid arrest occurred in this case because he was “neither handcuffed nor confined” at the time he fled. We reject this argument.
 

 In
 
 Kyser,
 
 the supreme court clarified the elements of an arrest as requiring:
 

 (1) A purpose or intention to effect an arrest under a real or pretended authority;
 

 (2) An actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested;
 

 (3) A communication by the arresting officer to the person whose arrest is sought, of an intention or purpose then and there to effect an arrest; and
 

 (4) An understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him.
 

 Kyser,
 
 533 So.2d at 287. Here, the State presented sufficient evidence as to all of these elements. Clearly, Deputy Hernandez intended to arrest McKinnon and communicated this intention to him when she notified him that she had a warrant for his arrest and asked him to place his hands behind his back (elements (1) and (3)). Further, McKinnon understood the deputy’s intention (element (4)) and acquiesced to her authority by turning around and placing his hands behind his back. At this point, Deputy Hernandez had constructively seized McKinnon and had the present power to control him (element (2)).
 

 McKinnon’s reliance on
 
 Hebert v. State,
 
 962 So.2d 1068 (Fla. 4th DCA 2007) is misplaced. In
 
 Hebert,
 
 the deputy entered Hebert’s residence in response to a domestic violence call. The deputy saw Hebert in the hallway holding what appeared to be a shotgun. The deputy shouted to Hebert that he was under arrest and to put the gun down. The deputy then fled the residence. Shortly thereafter, Hebert left the residence through a broken window. Our sister court determined that Hebert could not be convicted of escape because there had been no actual or constructive seizure. Hebert is readily distinguishable because he did not acquiesce to the deputy’s authority nor did the deputy ever have the present power to control him.
 

 
 *862
 
 The instant case is far more analogous to
 
 Spann v. State,
 
 996 So.2d 873 (Fla. 4th DCA 2008). In
 
 Spann,
 
 the deputy was standing one to two feet away from Spann when he informed him that he was under arrest and directed him to “put [his] hands behind [his] back.” When the deputy reached for Spann’s wrists to handcuff him, Spann pushed the deputy away and ran. Spann’s conviction for escape was affirmed on appeal. The
 
 Spann
 
 court similarly distinguished
 
 Hebert
 
 and concluded that Spann had been validly arrested.
 
 See also Thomas v. State,
 
 805 So.2d 102 (Fla. 4th DCA 2002) (escape conviction affirmed where officer advised suspect that he was under arrest and suspect asked and received permission from officer to enter residence to advise aunt of arrest but failed to return);
 
 Sams v. State,
 
 600 So.2d 1297 (Fla. 5th DCA 1992) (escape found where suspect was placed under arrest but fled when he was about to be handcuffed).
 

 The trial court properly denied McKin-non’s motion for judgment of acquittal.
 

 AFFIRMED.
 

 LAWSON and COHEN, JJ., concur.