KHOUZAM, Judge.
L.C.G., a minor, was charged with aiding escape in violation of section 843.12, Florida Statutes (2010), but was found guilty of resisting an officer without violence in violation of section 843.02. Because resisting an officer without violence is not a necessarily lesser-included offense of aiding escape and the charging document failed to allege the essential elements of resisting an officer without violence, we reverse the order withholding adjudication of delinquency.
L.C.G. was charged with aiding escape after allegedly failing to cooperate with police officers who were pursuing her brother. At trial after the State rested its case, the court granted L.C.G.’s motion to dismiss the charged crime, aiding escape. But over the defense’s objection that it was not a lesser-included offense, the trial court nevertheless found L.C.G. guilty of resisting an officer without violence.
It is generally a denial of due process of law to convict a defendant of an uncharged crime. See Ray v. State, 403 So.2d 956, 959-60 (Fla.1981) (citing Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514, 92 L.Ed. 644 (1948)). This also applies in juvenile delinquency proceedings. See N.H.M. v. State, 974 So.2d 484, 485-86 (Fla. 2d DCA 2008) (citing B.S.W. v. State, 668 So.2d 1075, 1075 (Fla. 2d DCA 1996)). A relevant exception to the general rule includes convictions for lesser-included offenses — those which are either necessarily included because their “constituent elements are included within the elements of the greater offense,” or whose “elements are included in the accusatory pleading and sustained by the evidence.” D.L. v. State, 491 So.2d 1243, 1244 (Fla. 2d DCA 1986). But where the issue is preserved, “it is error to convict a defendant of a crime for which he has not been charged and which is not a lesser-included offense of a charged crime.” C.W. v. State, 861 So.2d 1243, 1244 (Fla. 2d DCA 2003).
L.C.G. argues that she was improperly found guilty of an uncharged crime. We agree. Resisting an officer without violence “requires the defendant to resist, obstruct, or oppose an officer in the lawful execution of a legal duty, without offering or doing violence.” Clark v. State, 920 So.2d 634, 636 (Fla. 4th DCA 2005). Conversely, in order to be found guilty of aiding escape a defendant must “knowingly aid[ ] or assistf ] a person in escaping, attempting to escape, or who has escaped, from an officer or person who has or is entitled to the lawful custody of such person.” § 843.12.
In Applewhite v. State, 874 So.2d 1276, 1277 (Fla. 5th DCA 2004), the defendant was charged with and found guilty of escape, in violation of section 944.40, Florida Statutes (2001). On appeal, he argued that he should have received a jury instruction on resisting arrest without violence because it is a necessarily lesser-included offense of escape. Id. at 1278. After examining the elements of each crime, the Fifth District disagreed, concluding that “resisting an officer without violence is not a necessarily lesser-included offense because a defendant can commit *199 the crime of escape 'without resisting, obstructing or opposing an officer.” Id. at 1278-79.
From this holding, it necessarily follows that if a person can commit the crime of aiding escape without resisting, obstructing, or opposing an officer, then the crime of resisting an officer without violence is not a necessarily lesser-included offense of that crime either. It is not difficult to conceive of such a factual scenario. For example, a person could harbor or provide for an escaped prisoner without ever coming in contact with an officer.[1] Consequently, L.C.G. could not have been properly found guilty of resisting an officer without violence as a necessarily lesser-included offense of aiding escape.
The State also argues that, even if resisting an officer is not a necessarily lesser-included offense of aiding escape, the order withholding adjudication should be affirmed because the charging document alleged the essential elements of resisting an officer without violence. We disagree. The elements of resisting an officer without violence are “(1) defendant resisted, obstructed or opposed the victim; (2) at the time the victim was engaged in the execution of legal process or lawful execution of a legal duty; and (3) at the time the victim was an officer.” Apple-white, 874 So.2d at 1278 (citing Fla. Std. Jury Instr. (Crim.) 21.2).
The petition alleged in relevant part that the defendant “did knowingly aid or assist a person ... to escape, or attempt to escape or who has escaped from an officer ... who was entitled to the lawful custody of the [escapee], contrary to Section 843.12, Florida Statutes.” The petition, however, did not allege that L.C.G. interacted with an officer, that she did anything directed at an officer, or that an officer was affected by L.C.G.’s actions in any way. Indeed, the bald statutory language included in the petition described conduct that could occur regardless of whether an officer is even present. Because the charging document failed to allege the first essential element of resisting an officer, L.C.G. could not have been properly found guilty of resisting an officer without violence based on the charging document.
Because resisting an officer without violence is not a necessarily lesser-included offense of aiding escape, and because the charging document failed to allege the first essential element of resisting an officer without violence, we must reverse the order withholding adjudication of delinquency-
Reversed.
CASANUEVA and BLACK, JJ., Concur.

. See State v. Franchi, 746 So.2d 1126 (Fla. 4th DCA 1999). Although that case dealt primarily with the issue of intent, we mention it only to show that such a factual scenario is plausible.